UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOWARD ELLIS,

    Plaintiff,

vs.

JAMES BENEDETTI, *et al.*,

    Defendants.

3: 08-cv-0657-ECR-RAM

**ORDER**

    Plaintiff, a state prisoner incarcerated at Lovelock Correctional Center, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The court entered a screening order in this case on April 8, 2009. (Docket #4.) Plaintiff appealed and on October 8, 2010, the Ninth Circuit issued an opinion affirming in part, reversing in part, and remanding. (Docket #18.) The Ninth Circuit issued the mandate on October 29, 2010. (Docket #20.)

**Motion for Appointment of Counsel**

    On November 4, 2010, plaintiff filed a motion for appointment of counsel. (Docket #22.) A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

    A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light

of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings.

The court will not enter an order directing the appointment of counsel.  The plaintiff has already demonstrated that he is fully able to litigate this case on his own.  He has submitted the complaint and various documents to the Court, and he is fluent in English.  He has successfully pursued an appeal.  Moreover, none of the issues in this case is particularly complex, which indicates that the plaintiff will be able to litigate this case on his own.

## Screening Standard Pursuant to 28 U.S.C. § 1915A

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A.  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same

standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**Screening of Complaint**

This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff sues each defendant in his or her individual and official capacities. Plaintiff seeks injunctive and declaratory relief as well as monetary damages.

In count 1, plaintiff claims that he was wrongly deprived of property by prison officials in violation of his right to due process under the Fourteenth Amendment. In its order of April 8, 2009, this court dismissed plaintiff's claim for deprivation of property with prejudice.

In count 2, plaintiff alleges that he was deprived of his Fourteenth Amendment rights to due process and equal protection under the law in connection with grievances he submitted while

incarcerated. In its order of April 8, 2009, the court dismissed plaintiff's due process claim and equal protection claim with prejudice.

In its memorandum opinion and order, the Ninth Circuit remanded the "remaining allegations of Counts 1 and 2" with instructions that this court consider whether or not leave to amend is warranted. The court has now considered that issue. Although plaintiff alleges no civil rights violations in counts 1 and 2 other than those previously identified by this court, he alleges in count 1 that defendant Jackson slammed him against the wall. While this allegation could support an Eighth Amendment excessive force claim, that claim is made expressly made separately in count 8. The court therefore concludes that there is no need to amend count 2 to include an Eighth Amendment claim. The court further finds no other bases for amendment.

In count 4, plaintiff alleges that although he was the victim of an assault, defendant Wright tried to shoot both he and his assailant with live ammunition. Plaintiff claims that this violated his rights under the Eighth Amendment.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9. Although an inmate

need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub nom. Johnson,* 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id*. at 9-10. The court finds that count 4 states an Eighth Amendment excessive force claim under this standard.

In count 5, plaintiff alleges that he filed grievances in connection with the validity of his confinement to administrative segregation. Plaintiff is dissatisfied with the outcome of this grievance. Plaintiff also states that he submitted a grievance challenging his transfer to Warm Springs State Prison.

Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Thus, plaintiff's factual

allegations regarding grievance procedures in count 5 do not state a claim upon which relief can be granted.

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). However, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

Although plaintiff does not claim that his transfer to Warm Springs State Prison was done in retaliation for his then pending habeas corpus action, he may be able to make such a claim. Accordingly, the court will grant plaintiff leave to amend his complaint to state such a claim, should he wish to do so.

In count 6, plaintiff alleges that he was denied the presence of a witness he wished to call at a disciplinary hearing. The court finds that this states a colorable Fourteenth Amendment due process claim. *See Serrano v. Francis,* 345 F.3d 1071, 1080 (9th Cir. 2003). Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a

1  rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411
2  U.S. 1 (1972).  Plaintiff does not make such an allegation in this case, and so does not state an equal
3  protection claim upon which relief could be granted in regard to the disciplinary hearing.

4  Plaintiff further alleges in count 6 that defendants conspired to have him removed
5  from the prison yard for filing a previous lawsuit alleging inadequate medical care and access to the
6  law library.  The Ninth Circuit imposes a heightened pleading standard in cases in which subjective
7  intent is an element of a constitutional tort action. *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir.
8  1991) (*Branch I*), *cert. denied*, 114 U.S. 2704 (1994), *reaffirmed*, 14 F.3d 449 (9th Cir. 1994)
9  (*Branch II*). A claim of conspiracy involves a determination of defendants' subjective intent, thus,
10 the heightened pleading standard applies in this case.  In order to survive a motion to dismiss,
11 "plaintiffs must state in their complaint nonconclusory allegations setting forth evidence of unlawful
12 intent." *Id*.  These allegations "must be specific and concrete enough to enable the defendants to
13 prepare a response, and where appropriate, a motion for summary judgment based on qualified
14 immunity." *Id*., quoting *Whitacre v. Davey*, 890 F.2d 1168, 1171 (D.C. Cir. 1989).  The
15 nonconclusory allegations of subjective motivation may be supported by either direct or
16 circumstantial evidence. *Branch v. Tunnell*, 937 F.2d at 1387.

17 In the context of conspiracy claims brought pursuant to section 1983, such a complaint
18 must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v.*
19 *County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police*
20 *Department,* 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or
21 acted jointly in concert and that some over act was done in furtherance of the conspiracy. *Sykes v.*
22 *State of California*, 497 F.2d 197, 200 (9th Cir. 1974).  The court finds that in count 6, plaintiff has
23 stated a colorable conspiracy claim.

24 In count 7, plaintiff alleges a violations of his Fourteenth Amendment rights to due
25 process and equal protection in connection with a grievance proceeding.  As previously stated by this
26 court, plaintiff has no due process right in regard to prison grievance procedures.  Further, plaintiff

does not make a claim that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose, such as would support an equal protection claim.  The court therefore concludes that count 7 fails to state a claim upon which relief can be granted.

In count 8, plaintiff alleges that his Eighth Amendment rights were violated when, on 2/15/07 at High Desert State Prison, defendant Jackson grabbed him and slammed him against the wall.  Plaintiff alleges that during the incident, defendant Jackson's head was pressed against the cavity in which plaintiff's "ICD" defibulator unit is located.  Plaintiff alleges that defendant Jackson confiscated a handbook giving instructions about the device in the case of an emergency.  Plaintiff states that he requested medical treatment following the incident, but did not receive any.  Finally, plaintiff alleges that he was retaliated against by moving him to a top bunk in a cell with an inmate with serious mental health issues.

The court finds that under the facts alleged, plaintiff states a colorable Eighth Amendment claim based on use of excessive force under the standard set forth above.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

*Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The court finds that under the facts alleged, plaintiff states a colorable Eighth Amendment medical care claim.

Finally, the court finds that the factual allegations in count 8 state a colorable retaliation claim, based on the standard set forth above.

**Leave to Amend to Cure Deficiency of Complaint**

Plaintiff will be granted an opportunity to file an amended complaint if he can, in good faith, allege facts to cure the defects of the complaint outlined in this order. Plaintiff is informed that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. In filing an amended complaint, plaintiff may not simply file an addendum-styled document that includes additional allegations and names additional defendants, but rather, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.

**Conclusion**

      **IT IS THEREFORE ORDERED** that the Clerk shall reopen this case.

      **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**.  (Docket #22.)

      **IT IS FURTHER ORDERED** that this complaint shall go forward on counts 3, 4, the due process claim in count 6, the conspiracy claim in count 6, the excessive force claim in count 8, the medical care claim in count 8, and the retaliation claim in count 8.

      **IT IS FURTHER ORDERED** that the due process claim in count 5 is dismissed with prejudice.

      **IT IS FURTHER ORDERED** that plaintiff is granted leave to amend count 5 to state a retaliation claim, should he choose to do so.

      **IT IS FURTHER ORDERED** that the equal protection claim in count 6 is dismissed without prejudice and with leave to amend.

      **IT IS FURTHER ORDERED** that the due process claim in count 7 is dismissed with prejudice.

      **IT IS FURTHER ORDERED** that the equal protection claim in count 7 is dismissed without prejudice and with leave to amend.

      **IT IS FURTHER ORDERED** that if plaintiff wishes to file an amended complaint, he shall file such amended complaint within thirty (30) days of the date of entry of this order and shall put the docket number of this case on the amended complaint.  If the court does not receive an amended complaint from plaintiff within thirty (30)days, the court will order the original complaint served on defendants.

DATED this 3rd day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE