**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| HOWARD ELLIS, ) | 3:08-cv-00657-ECR-WGC |
| )  Plaintiff, ) | **Order** |
| vs. ) | |
| JAMES BENEDETTI, et al., ) | |
| )  Defendants. ) | |

### I. Background

On May 9, 2011, the Magistrate Judge issued an Order (#41) denying Plaintiff's Motion for Appointment of Counsel (#39). On May 18, 2011, Plaintiff filed a Motion for Reconsideration (#44). Defendants filed their Opposition (#47) on June 2, 2011, and Plaintiff replied (#51) on June 10, 2011.

On October 20, 2011, the Magistrate Judge issued an Order (#98) denying Plaintiff's third Motion for Appointment of Counsel (#95). Plaintiff filed an objection (#100) on October 31, 2011.

On November 18, 2011, the Magistrate Judge issued an Order (#110) ruling on various motions, including granting Plaintiff's Motion for Enlargement of Time (#106) and ordering discovery on Defendant's Motion to Dismiss in Part (#101) to be completed on or before February 17, 2012. Plaintiff filed an objection (#115) on

December 5, 2011, in spite of the Magistrate Judge ruling in his favor, and arguing that the Magistrate Judge should recuse himself.

## II. Discussion

Because Plaintiff contends that the Magistrate Judge lacked jurisdiction to decide the previous Motions for Appointment of Counsel (##39, 100), the Court will treat Plaintiff's Motion for Reconsideration (#44) and Objection (#100) as appeals of the Magistrate Judge's Orders (##41, 98) pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Local Rule IB 3-19(a).

Title 28 U.S.C. § 636(b)(1)(A) provides that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a) likewise provides that the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiff contends that the Magistrate Judge lacked jurisdiction in the matter because Plaintiff did not consent to the Magistrate Judge deciding his Motion for Appointment of Counsel (#39). However, the parties' consent is not required for a magistrate judge to decide nondispositive pretrial matters. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."). When acting on a pretrial matter under section 636(b)(1)(A), the magistrate judge is permitted to hear and determine any pretrial matter nondispositive of a claim or defense pending before the court

2

except for eight specifically listed motions. Plaintiff's Motion for Appointment of Counsel (#39) is not one of those specifically listed motions. For this reason, the Magistrate Judge had jurisdiction to decide Plaintiff's Motions for Appointment of Counsel (##39, 95) notwithstanding Plaintiff's lack of consent.

With regard to the Order (#110) wherein the Magistrate Judge granted Plaintiff's Motion for Enlargement of Time (#106), Plaintiff has presented no valid reason for the Magistrate Judge to recuse himself nor has he presented any reason for this Court to overrule any aspect of the ruling.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Orders (##41, 98, 110) are **AFFIRMED** and Plaintiff's Motions (##44, 100, 115) are **DENIED**.

DATED: January 5, 2012.

_____
UNITED STATES DISTRICT JUDGE

3