UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-ECR-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTIONS** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BENEDETTI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is plaintiff's "Motion for Appointment of Counsel [Fourth Request]" (Doc. #125) and defendants' "Motion to Strike Plaintiff's Second Motion for Appointment of Counsel" (Doc. #130). Although defendants state the instant motion represents plaintiff's second effort to have counsel appointed, the plaintiff states it is his fourth motion (*Id.*) The court believes plaintiff's tally is more accurate. The following are the three prior motions plaintiff has filed and the three orders denying plaintiff's application:

| Date | Motion | Order |
|---|---|---|
| 11/04/2010 | Doc. #22 | Doc. #23 |
| 05/04/2011 | Doc. #39 | Doc. #41 |
| 09/23/2011 | Doc. #95 | Doc. #98 |

The Order denying appointment of counsel (Doc. #23) was appealed by plaintiff to the Ninth Circuit Court of Appeals. The appeal was dismissed for lack of jurisdiction (Doc. #30). Plaintiff filed a Motion for Reconsideration (Doc. #44) of the court's Order (Doc. #44) denying plaintiff's Second Request for Appointment of Counsel (Doc. #39). Plaintiff filed an Objection (Doc. #100) to the court's Order (Doc. #98) denying plaintiff's Third Request for

1  Appointment of Counsel (Doc. #98). On January 5, 2012. The Honorable Edward C. Reed
2  entered an Order (Doc. #126) denying plaintiff's Motion for Reconsideration (Doc. #44) and
3  rejecting plaintiff's Objection (Doc. #100). (*See*, Doc. #126.)

The pending Motion for Appointment of Counsel (Doc. #125) contains no new information as to why plaintiff should have assistance of counsel. Instead, plaintiff's motion is a recitation of issues relating to housing, and alleged denial of medical care and purported physical abuse. These are not grounds for appointment of counsel. As Judges Reed and Robert A. McQuaid, Jr., ruled in their earlier orders denying appointment of counsel, a request for appointment of counsel in a pro se inmate §1983 case will only be granted under "extraordinary circumstances." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986).

The instant matter does not present those "extraordinary circumstances" which typically requires movant to establish both the likelihood of success on the merits and his inability, if any, to advocate his claims. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), citing *Wilborn, supra*, 789 F.2d at 1331. The district court exercises its discretion in evaluating these standards.

As discussed above, plaintiff has not adequately demonstrated likelihood of success on the merits of his claims. Plaintiff has shown, however, that he can adequately represent his interests and advocate his claims. Senior District Judge Edward C. Reed, Jr., made a similar finding in his order denying plaintiff's first motion for appointment of counsel:

> The court will not enter an order directing the appointment of counsel. The plaintiff has already demonstrated that he is fully able to litigate this case on his own. He has submitted thee complaint and various documents to the Court, and he is fluent in English. He has successfully pursued an appeal. Moreover, none of the issues in this case is particularly complex, which indicates that the plaintiff will be able to litigate this case on his own.

(*See*, Order, Doc. #23 at 2.)

As Judge Reed noted, plaintiff has successfully prosecuted an appeal to the Ninth Circuit Court of Appeals (Doc. #18). He has filed numerous motions and memoranda

1  supporting and opposing various motions.
2      Now, therefore, in the exercise of the discretion of the court, plaintiff's Fourth Motion
3  for Appointment of Counsel (Doc. #125) is **DENIED**. The defendants' Motion to Strike (Doc.
4  # 130) is **DENIED as moot**.

6  Dated:   January 18, 2012

        _____
        WILLIAM G. COBB
        UNITED STATES MAGISTRATE JUDGE