# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-ECR (WGC) |
| | ) | |
| Plaintiff, | ) | **MINUTE ORDER** |
| | ) | March 12, 2012 |
| vs. | ) | |
| | ) | |
| JAMES BENEDETTI, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:     <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     <u>JENNIFER COTTER</u>     REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

     Before the court are Defendants' Motion to Strike Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. # 144) and Defendants' Request for a Status Conference (Doc. # 151.)

     Defendants move to strike Plaintiff's Opposition (Doc. # 144) on the grounds that it violates Local Rule 7-4, which provides, "points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits..." L.R. 7-4.

     Defendants also request a status conference to address the motion to strike and set a briefing schedule for the Motion to Dismiss. (*See* Doc. # 151.)

     Defendants filed a Motion to Dismiss on November 7, 2011. (Doc. # 101.) On February 17, 2012, Plaintiff filed his Opposition to Defendants' Motion to Dismiss. (Doc. # 142.) The points and authorities in support of Plaintiff's motion consists of forty-four (44) pages. Pages forty-five (45) through sixty (60) are six (6) declarations in support of his motion. (*Id*.)

///

MINUTES OF THE COURT
3:08-cv-00657-ECR (WGC)
Date: March 12, 2012
Page 2

      Plaintiff has opposed Defendants' motion to strike. (Doc. # 145.) Plaintiff requests that the court waive the thirty (30) page requirement set forth in Local Rule 7-4 due to his "excusable neglect." He argues that requiring Plaintiff to re-file his opposition will cause an undue hardship and burden on Plaintiff. Plaintiff asserts that this requirement was not set out in the *Klingele* order advising him of the requirements for opposing a motion to dismiss.

      Defendants filed a Reply, asserting that Plaintiff is obliged to comply with Local Rule 7-4. (Doc. # 150.)

      Defendants are correct that Plaintiff's Opposition (Doc. # 142) exceeds the thirty (30) page requirement set forth in Local Rule 7-4. However, the court accepts Plaintiff's representation that he was not advised of this requirement, and the court does not find that his Opposition is particularly egregious in exceeding the thirty (30) page limit. The points and authorities exceed the allotted limit by fourteen (14) pages (the requirement excludes the exhibits in support of Plaintiff's motion), and this appears to be largely due to the spacing employed by Plaintiff. Therefore, the court **GRANTS PLAINTIFF NUNC PRO TUNC LEAVE TO EXCEED THE THIRTY (30) PAGE LIMIT**, and **DENIES AS MOOT** Defendants' motion (Doc. # 144). **Plaintiff is reminded that in the future all points and authorities filed in support of a motion or response thereto are to be limited to thirty (30) pages**.

      Defendants are **ORDERED** to **FILE** their **REPLY BRIEF** within **SEVEN (7) DAYS** of the date of this Order. Accordingly, Defendants' Request for Status Conference (Doc. # 151) is **DENIED**.

      **IT IS SO ORDERED.**

                                 LANCE S. WILSON, CLERK

                                 By: /s/
                                    Deputy Clerk