# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ELLIS,             ) | 3:08-cv-00657-ECR (WGC) |
|　　　　　　　　　　　　　) | |
| 　　　Plaintiff,           ) | **MINUTE ORDER** |
| 　　　　　　　　　　　　　) | May 14, 2012 |
| vs.                       ) | |
| 　　　　　　　　　　　　　) | |
| JAMES BENEDETTI, *et. al.* ) | |
| 　　　　　　　　　　　　　) | |
| 　　　Defendants.          ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE OGDEN       REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court is Defendants' Motion to File Exhibits in Support of Motion to Dismiss Under Seal. (Doc. # 102.) Specifically, Defendants seek to file Exhibits E, F, and H, in support of their Motion to Dismiss under seal. (*Id*.) Exhibit E is an Unusual Incident Report containing Plaintiff's medical information. (*Id*.) Exhibit F is a Memorandum from Richard D. Long, M.D. (*Id*.) Exhibit H is an Offender Information Summary. (*Id*.) Defendants subsequently filed a supplement to their motion. (Doc. # 120) in which they file a declaration in support of their motion and replace Exhibits E, F, and H, with Exhibits E-1, F-1, and H-1. (*Id*.)

　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).
///

MINUTES OF THE COURT
3:08-cv-00657-ECR (WGC)
Date: May 14, 2012
Page 2

      A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

      The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

      With respect to Exhibit H-1, Plaintiff's Offender Information Summary, the court is aware that these types of records contain highly sensitive and confidential information which if disclosed, could undermine the safety and security of the plaintiff inmate, other inmates, correctional staff, and the general public.

      The court finds that "compelling reasons" exist for keeping Exhibits E-1, F-1 and H-1 under seal. Defendants' motion is **GRANTED** with respect to Exhibits E-1, F-1 and H-1 .

**IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                                          By:   /s/
                                               Deputy Clerk