**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HOWARD ELLIS, | 3:08-cv-00657-ECR (WGC) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| BENEDETTI, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Injunction. (Doc. #154.)[1] Defendants opposed (Doc. # 163) and Plaintiff replied (Doc. # 170). Also before the court is Plaintiff's Motion for Evidentiary Hearing. (Doc. # 176.) After a thorough review, the court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Howard Ellis (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 38) at 1.) Plaintiff is currently housed at Lovelock Correctional Center (LCC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Benedetti, Tony Corda, Robert Hartman, Don Helling, Jeremy Jackson, Marsha Johns, Peter Ladner, Shannon Moyle, Roy Plumlee, Rex Reed, Ruben Vidaurii, Brian Williams, and Mark Wright. (Doc. # 38 at 2-5.)

---

[1] Refers to the court's docket number.

1  Upon screening Plaintiff's Amended Complaint, the court determined that Plaintiff sets forth the following colorable claims: (1) Count 1-procedural due process related to a disciplinary charge; (2) Count 2-Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a serious medical need; (3) Count 3-First Amendment Access to Courts; (4) Count 4-procedural due process related to a disciplinary hearing and conspiracy; (5) Count 6-First Amendment retaliation; (6) Count7-Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a serious medical need; (7) Count 8-First Amendment retaliation and conspiracy. (Screening Order (Doc. # 37).)

The court has concurrently issued a Report & Recommendation on Defendants' Motion to Dismiss (Doc. # 101) recommending: (1) Count 1 be allowed to proceed as to defendant Plumlee; (2) dismissing with leave to amend the claim in Count 1 as to defendant Williams; (3) dismissing without prejudice the Eighth Amendment excessive force claim in Count 2; (4) granting summary judgment as to the Eighth Amendment deliberate indifference claim in Count 2; (5) allowing the First Amendment access to courts claim in Count 3 proceed; (6) dismissing without prejudice the claims in Count 4; (7) granting summary judgment in favor of defendants as to Count 6; (8) denying the motion to dismiss for failure to exhaust administrative remedies as to Count 7; (9) dismissing without prejudice the retaliation and conspiracy claims in Count 8; and (10) dismissing Plaintiff's official capacity damages claims.

Plaintiff has filed a Motion for Injunction (Doc. # 154) to compel prison officials to provide adequate medical treatment to remove and replace a device and its component that Plaintiff asserts has diminished capacity to save his life. (*Id.* at 4.) He also requests an evidentiary hearing in connection with this motion. (Doc. # 176.)

## II.  MOTION FOR EVIDENTIARY HEARING

Plaintiff has filed a motion requesting an evidentiary hearing on his Motion for Injunction. (Doc. # 176.)

Local Rule 78-2 provides, "[a]ll motions may, in the Court's discretion, be considered and decided with or without a hearing." L.R. 78-2. The court has reviewed Plaintiff's motion (Doc. # 154), as well as Defendants' opposition (Doc. # 163) and Plaintiff's reply (Doc. # 170),

2

and has determined that a hearing is not necessary. Accordingly, Plaintiff's motion for an evidentiary hearing (Doc. # 176) should be denied.

### III. LEGAL STANDARD-MOTION FOR INJUNCTION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high…This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-

3

*Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives…when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*.

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)…operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id*. at 999.

4

## IV. DISCUSSION

Plaintiff previously filed a motion for injunctive relief (Doc. # 50) regarding a medical care claim which was denied. (*See* Docs. # 134, # 148.) Plaintiff asserts that he is filing the instant motion from a different prison, and that is "factually related" to the Eighth Amendment deliberate indifference claim in Count 2 of his Amended Complaint. (Doc. # 154 at 2.)

The court has concurrently issued a Report & Recommendation that summary judgment be granted in favor of defendants as to the deliberate indifference claim in Count 2. To the extent Plaintiff predicates his request for injunctive relief on Count 2, Plaintiff's motion should be denied as moot.

However, a review of Plaintiff's motion reveals that his current request for injunctive relief is not factually related to Count 2, which alleges that after he was the victim of an assault, he suffered a broken finger and received inadequate medical care. (Doc. # 38 at 7.) Instead, his motion relates to an "ICD" implant, or implantable cardioverter-defibrillator. (Doc. # 154 at 5.) Plaintiff's current request for injunctive relief does not appear to be related to any claim that has been allowed to proceed in this action.

Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Accordingly, Plaintiff's motion should be denied.

///

///

## V. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order as follows:

(1) **DENYING** Plaintiff's Motion for Injunction (Doc. # 154); and

(2) **DENYING** Plaintiff's Motion for Evidentiary Hearing (Doc. # 176).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 14, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE