1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

HOWARD ELLIS,                                )          3:08-cv-00657-ECR (WGC)
                                             )
         Plaintiff,                          )          **REPORT AND RECOMMENDATION**

9                                            )          **OF U.S. MAGISTRATE JUDGE**
         vs.                                 )

10                                           )
BENEDETTI, et. al.                           )

11                                           )
                                             )

12       Defendants.                         )
_____)

13

         This Report and Recommendation is made to the Honorable Edward C. Reed, Jr.,

14
Senior United States District Judge. The action was referred to the undersigned Magistrate

15
Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before

16
the court is Plaintiff's Partial Motion for Summary Judgment. (Doc. # 109.)[1] Defendants

17
opposed (Doc. # 116.) After a thorough review, the court recommends that Plaintiff's motion

18
be denied.

19

**I. BACKGROUND**

20

         At all relevant times, Plaintiff Howard Ellis (Plaintiff) was an inmate in custody of the

21
Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 38) at 1.) Plaintiff is

22
currently housed at Lovelock Correctional Center (LCC). (*Id.*) Plaintiff, a *pro se* litigant, brings

23
this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants are James Benedetti, Tony Corda,

24
Robert Hartman, Don Helling, Jeremy Jackson, Marsha Johns, Peter Ladner, Shannon Moyle,

25
Roy Plumlee, Rex Reed, Ruben Vidaurii, Brian Williams, and Mark Wright. (Doc. # 38 at 2-5.)

26
         Upon screening Plaintiff's Amended Complaint, the court determined that Plaintiff sets

27

28
         [1] Refers to court's docket number.

1   forth the following colorable claims: (1) Count 1-procedural due process related to a

2   disciplinary charge; (2) Count 2-Eighth Amendment excessive force and Eighth Amendment

3   deliberate indifference to a serious medical need; (3) Count 3-First Amendment Access to

4   Courts; (4) Count 4-procedural due process related to a disciplinary hearing and conspiracy;

5   (5) Count 6-First Amendment retaliation; (6) Count7-Eighth Amendment excessive force and

6   Eighth Amendment deliberate indifference to a serious medical need; (7) Count 8-First

7   Amendment retaliation and conspiracy. (Screening Order (Doc. # 37).)

8          The court has concurrently issued a Report & Recommendation on Defendants' Motion

9   to Dismiss (Doc. # 101) recommending: (1) Count 1 be allowed to proceed as to defendant

10  Plumlee; (2) dismissing with leave to amend the claim in Count 1 as to defendant Williams; (3)

11  dismissing without prejudice the Eighth Amendment excessive force claim in Count 2; (4)

12  granting summary judgment as to the Eighth Amendment deliberate indifference claim in

13  Count 2; (5) allowing the First Amendment access to courts claim in Count 3 proceed; (6)

14  dismissing without prejudice the claims in Count 4; (7) granting summary judgment in favor

15  of defendants as to Count 6; (8) denying the motion to dismiss for failure to exhaust

16  administrative remedies as to Count 7; (9) dismissing without prejudice the retaliation and

17  conspiracy claims in Count 8; and (10) dismissing Plaintiff's official capacity damages claims.

18         Plaintiff now moves for partial summary judgment.  (Doc. # 109.)

19                              **II.  LEGAL STANDARD**

20         "The purpose of summary judgment is to avoid unnecessary trials when there is no

21  dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,

22  18 F.3d 1468, 1471 (9th Cir.  1994) (citation omitted). All reasonable inferences are drawn in

23  favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir.  2008) (citing

24  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate

25  if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

26  there is no genuine issue as to any material fact and that the movant is entitled to judgment as

27  a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the

28                                      2

1 material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S.

2 at 250.

3       The moving party bears the burden of informing the court of the basis for its motion,

4 together with evidence demonstrating the absence of any genuine issue of material fact.

5 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence

6 in an inadmissible form, only evidence which might be admissible at trial may be considered

7 by a trial court in ruling on a motion for summary judgment.  Fed.R.Civ.P. 56(c).

8       In evaluating the appropriateness of summary judgment, three steps are necessary: (1)

9 determining whether a fact is material; (2) determining whether there is a genuine issue for the

10 trier of fact, as determined by the documents submitted to the court; and (3) considering that

11 evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As

12 to materiality, only disputes over facts that might affect the outcome of the suit under the

13 governing law will properly preclude the entry of summary judgment; factual disputes which

14 are irrelevant or unnecessary will not be considered. *Id.*  at 248.

15       In determining summary judgment, a court applies a burden shifting analysis. "When

16 the party moving for summary judgment would bear the burden of proof at trial, 'it must come

17 forward with evidence which would entitle it to a directed verdict if the evidence went

18 uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of

19 establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R.*

20 *Transp.  Brokerage Co.  v.  Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir.  2000) (internal

21 citations omitted). In contrast, when the nonmoving party bears the burden of proving the

22 claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence

23 to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the

24 nonmoving party failed to make a showing sufficient to establish an element essential to that

25 party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at

26 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied

27 and the court need not consider the nonmoving party's evidence. *See Adickes v.  S.H. Kress &*

28

1   *Co.*, 398 U.S. 144, 160 (1970).

2          If the moving party satisfies its initial burden, the burden shifts to the opposing party

3   to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

4   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

5   the opposing party need not establish a material issue of fact conclusively in its favor. It is

6   sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

7   parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

8   *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The

9   nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations

10  that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions

11  and allegations of the pleadings and set forth specific facts by producing competent evidence

12  that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

13         At summary judgment, a court's function is not to weigh the evidence and determine the

14  truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

15  While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be

16  drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not

17  significantly probative, summary judgment may be granted. *Id*. at 249-50, 255 (citations

18  omitted).

19                                  **III. DISCUSSION**
         First, Plaintiff appears to argue that he is entitled to summary judgment on the

20  exhaustion defense. (Doc. # 109 at 5-7.) Plaintiff goes to great length to discuss the exhaustion

21  requirements which are the subject of Defendants' Motion to Dismiss (Doc. # 101). Moreover,

22  the *Defendants* have the burden of pleading and proving exhaustion. *Wyatt v. Terhune*, 315

23  F.3d 1108, 1119 (9th Cir. 2003). Defendants' exhaustion arguments and Plaintiff's opposition

24  are fully addressed in the court's Report and Recommendation on Defendants' Motion to

25  Dismiss, being issued concurrently herewith. Accordingly, to the extent Plaintiff moves for

26  partial summary judgment with respect to exhaustion, his motion should be denied.

27

28                                              4

1    Second, Plaintiff includes a declaration which states that he is a protective segregation

2  inmate at Lovelock Correctional Center (LCC), and includes various details about a copy work

3  order. (Doc. # 109 at 9-11.) Plaintiff does not have a claim related to copy work; therefore,

4  summary judgment should be denied on this ground.

5    Third, Plaintiff essentially recites the allegations contained in his Amended Complaint

6  for his remaining claims. (Doc. # 109 at 18-27.)  Plaintiff has not "come forward with evidence

7  which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial.'

8  [ ] In such a case, [Plaintiff] has the initial burden of establishing the absence of a genuine issue

9  of fact on each issue material to its case." *C.A.R. Transp.  Brokerage Co.*, 213 F.3d at 480

10 (internal citations omitted).  Accordingly, summary judgment should be denied.  It should also

11 be noted that the court has concurrently issued a Report & Recommendation on Defendants'

12 Motion to Dismiss, recommending that dismissal and summary judgment be granted as to

13 many of Plaintiff's claims.

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

**IV. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Partial Summary Judgment (Doc. # 109).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 14, 2012.

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

6