**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HOWARD ELLIS, | 3:08-cv-00657-ECR-WGC |
| Plaintiff, | **Order** |
| vs. | |
| JAMES BENEDETTI et al., | |
| Defendants. | |

This is a pro se prison civil rights case brought pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's Motion for Permission to Appeal (#133). The motion is ripe and we now rule on it.

### I. Background

On November 18, 2011, the Magistrate Judge issued an Order (#110) ruling on various motions, including granting Plaintiff's Motion for Enlargement of Time (#106) and ordering discovery on Defendants' Motion to Dismiss in Part (#101) to be completed on or before February 17, 2012. Plaintiff filed Objections (#115) on December 5, 2011 arguing that the Magistrate Judge should recuse himself. On January 5, 2012, we entered an Order (#126) denying Plaintiff's Objections (#115) upon finding that Plaintiff had presented no valid reason for the Magistrate Judge to recuse himself.

On January 19, 2012, Plaintiff filed a Motion for Permission to Appeal (#133) the Court's January 5, 2012 Order (#126) pursuant to Federal Rule of Civil Procedure 54(b).  Defendants submitted a Non-Opposition (#141) on February 3, 2012.  There was no reply.

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  A district court has discretion when deciding whether to enter judgment under Rule 54(b).  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  In deciding such a motion, a district court must first determine that there "is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  Next, "the district court must go on to determine whether there is any just reason for delay." Curtiss-Wright Corp., 446 U.S. at 8.  In making this determination, a district court should "consider such factors as whether the claims under review were separable from the other remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.  Id.  Such factors are important in order to "preserve[] the

2

historic federal policy against such piecemeal appeals." Mackey, 351 U.S. at 438.

### III. Discussion

Plaintiff seeks a final judgment with respect to the Court's Order (#126) denying Plaintiff's request for recusal of the Magistrate Judge. In the alternative, Plaintiff seeks a stay in case proceedings pending his request for review by the Court of Appeals.

As is made clear by the legal standard, our first task as a district court deciding a Rule 54(b) motion is to determine that there is a "final" decision upon a cognizable claim for relief. Curtiss-Wright Corp., 446 U.S. at 7. Plaintiff seeks to appeal an Order (#126) that decided none of Plaintiff's claims for relief, but rather denied Plaintiff's request for recusal of the Magistrate Judge. Rule 54(b) authorizes the Court to enter final judgment as to one or more claims or parties, but the Court has yet to decide any of Plaintiff's claims, and it did not do so in the Order (#126) Plaintiff seeks to appeal. Because there has not been "an ultimate disposition of an individual claim entered in the course of a multiple claims action," Mackey, 251 U.S. at 436, Rule 54(b) does not provide Plaintiff an avenue to appeal the Court's previous Order (#126), and Plaintiff's motion must be denied.

### IV. Conclusion

Federal Rule of Civil Procedure 54(b) authorizes the Court to enter final judgment on one or more, but fewer than all, claims. As

3

the Court has yet to decide any of Plaintiff's claims, the Court cannot enter final judgment on any of Plaintiff's claims. Plaintiff's motion must therefore be denied.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Permission to Appeal (#133) is **DENIED**.

DATED: August 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

4