**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| HOWARD ELLIS, | 3:08-cv-00657-ECR-WGC |
| Plaintiff, | **Order** |
| vs. | |
| JAMES BENEDETTI, et al., | |
| Defendants. | |

This is a pro se prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 wherein the Court is again confronted with Plaintiff's request for appointment of counsel. Now pending is Plaintiff's Objection to U.S. Magistrate Judge Order (#137). The motion is ripe and we now rule on it.

**I. Background**

On January 3, 2011, we denied (#23) Plaintiff's first Motion for Appointment of Counsel (#22). Plaintiff appealed and the Court of Appeals dismissed (#30) for lack of jurisdiction on February 11, 2011.

On May 9, 2011, the Magistrate Judge denied (#41) Plaintiff's second Motion for Appointment of Counsel (#39). Plaintiff appealed (#44) the Magistrate Judge's Order (#41) to the Court, and we affirmed (#126) the Magistrate Judge on January 5, 2012.

On October 20, 2011, the Magistrate Judge denied (#98) Plaintiff's third Motion for Appointment of Counsel (#95). Plaintiff appealed (#100) to the Court, and we affirmed (#126) the Magistrate Judge on January 5, 2012.

On January 18, 2012, the Magistrate Judge issued an Order (#131) denying Plaintiff's Fourth Motion for Appointment of Counsel (#125). On January 27, 2012, Plaintiff filed an Objection to U.S. Magistrate Judge Order (#137). Defendants did not respond, and there was no reply.

## II. Legal Standard

**A. Review of Magistrate Standard**

The Court will treat Plaintiff's Objection (#137) as an appeal of the Magistrate Judge's Order (#131) pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Local Rule IB 3-19(a). Title 28 U.S.C. § 636(b)(1)(A) provides that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a) likewise provides that the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

**B. Appointment of Counsel Standard**

As previously noted by the Court in its first Order (#23) denying Plaintiff appointed counsel, a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). In very

2

limited circumstances, federal courts are empower to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. United States v. 30.64 Acres of Land, 795 F.2d 796, 799-800 (9th Cir. 1986); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn, 789 F.2d at 1331). The district court has considerable discretion in making those findings.

### III. Discussion

Plaintiff has failed to establish that the Magistrate Judge's Order (#131) was clearly erroneous or contrary to law. The Court agrees with the Magistrate Judge that the instant matter does not present those "extraordinary circumstances" that would warrant the appointment of counsel. Plaintiff has already demonstrate that he is fully able to litigate this case. He has submitted, a complaint, an amended complaint, and a voluminous amount of motions and response and reply briefs on his own behalf. Plaintiff has successfully prosecuted an appeal to the Ninth Circuit of Appeals. (See Mem. (#18).) He is clearly fluent in English, and the issues

3

presented are not complex.  Accordingly, we will again affirm the Magistrate Judge in denying Plaintiff's fourth request for counsel.

### IV. Conclusion

The standards to overturn a Magistrate Judge's pretrial disposition and for appointment of counsel in a civil case are both high, and Plaintiff presents no adequate reason to overrule the Magistrate Judge or to appoint counsel.  Plaintiff is advised that a fifth request for appointment of counsel will likely be summarily denied unless he can present extraordinary circumstances warranting appointment of counsel in spite of his clearly established ability to adequately pursue his claims on his own behalf.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Order (#131) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to U.S. Magistrate Judge Order (#137) is **DENIED**.

DATED: August 21, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

4