```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                            RENO, NEVADA
```

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-ECR-WGC |
| Plaintiff, | ) | MINUTES OF THE COURT |
| vs. | ) | DATE: August 22, 2012 |
| JAMES BENEDETTI, et al., | ) | |
| Defendant(s). | ) | |

PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Judicial Assistant:   Candace Knab    Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                NONE APPEARING

Counsel for Defendant(s)                NONE APPEARING

MINUTE ORDER IN CHAMBERS

On May 14, 2012, the Magistrate Judge filed a Report and Recommendation (#186) recommending that Defendants' Motion to Dismiss (##101, 119), filed on November 7, 2011 and December 19, 2011, be granted in part and denied in part. Plaintiff filed Objections (#188) on May 24, 2012. Defendants did not respond.

The Objections are not well-taken and are overruled. We agree with the Magistrate Judge as to which counts should be dismissed for failure to exhaust pursuant to Federal Rule of Civil Procedure 12(b) and which should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), and upon which claims Defendants are entitled to summary judgment pursuant to Rule 56.

Specifically, as to Count I, a procedural due process claim related to a disciplinary charge, the Court agrees that Defendants' motion should be denied as to Defendant Plumlee, but granted as to Defendant Williams because there is no constitutional right to a prison administrative appeal. See Man v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

As to Count II, an Eighth Amendment excessive force and deliberate indifference claim, the Court agrees with the Magistrate Judge that it should

be dismissed without prejudice because Plaintiff failed to exhaust the claim as to Defendant Wright, Plaintiff's deliberate indifference claim against Defendant Johns constitutes a mere difference of opinion with respect to medical treatment, and Plaintiff has failed to state a claim against Defendants Corda, Benedetti, and Helling for merely denying Plaintiff's grievances.

The Court agrees that Count III, a First Amendment access to courts claim, should be allowed to proceed because Plaintiff has presented a genuine issue of material fact as to the extent of his ability to access law library materials while housed at Warm Springs Correctional Center.

The Court agrees that Count IV, a procedural due process claim related to a disciplinary hearing and alleged conspiracy, should be dismissed pursuant to Rule 12(b) for failure to exhaust administrative remedies because the record shows that Plaintiff did not complete the grievance process for Grievance 20062700767 and did not pursue and complete the grievance process after the disciplinary hearing at issue was complete.

The Court agrees that summary judgment should be granted as to Count VI because Plaintiff has presented no evidence of a required element of his First Amendment retaliation claim, namely that he was disciplined <u>because</u> he complained about having to live with a smoker, while Defendants presented evidence that the discipline was not a result of the allegedly protected conduct.

The Court agrees that as to Count VII, an Eighth Amendment claim for excessive force and deliberate indifference, Defendant's motion to dismiss for failure to exhaust pursuant to 12(b) should be denied because Defendants have failed to produce the grievances at issue, leaving the Court unable to determine the extent to which Plaintiff pursued his claims administratively. Defendants have therefore failed to meet their burden to prove the affirmative defense and the claim shall proceed.

The Court agrees that Count VIII, a First Amendment retaliation and conspiracy claim, should be dismissed for failure to exhaust pursuant to Rule 12(b) because Grievance 20062700767 does not place prison officials on notice of a claim that Defendants conspired to remove Plaintiff from the yard by filing retaliatory and frivolous disciplinary charges against Plaintiff.

Finally, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to damages from the state officials sued in their personal capacities under § 1983 as a matter of law. Plaintiff's claim for damages must therefore be dismissed, but Plaintiff's claim for injunctive relief may proceed.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#186) is well taken and is **APPROVED** and **ADOPTED**. Defendants'

Motion to Dismiss (##101, 109) is **GRANTED** in part and **DENIED** in part and denied in part.

    **IT IS FURTHER ORDERED** that summary judgment is **DENIED** as to Count I insofar as it is asserted against Defendant Plumlee.

    **IT IS FURTHER ORDERED** that Count I against Defendant Williams insofar as it alleges that Defendant Williams denied Plaintiff's right to a disciplinary appeal is **DISMISSED WITH PREJUDICE**.

    **IT IS FURTHER ORDERED** that Count I against Defendant Williams with respect to the allegations that Defendant Williams improperly upheld a disciplinary determination is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that the Eighth Amendment excessive force/failure to protect claim in Count II is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that summary judgment is **GRANTED** as to the Eighth Amendment deliberate indifference claim in Count II.

    **IT IS FURTHER ORDERED** that summary judgment is **DENIED** as to the First Amendment access to courts claim in Count III.

    **IT IS FURTHER ORDERED** that Count IV is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that summary judgment is **GRANTED** as to Count VI.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (##101, 119) is **DENIED** as to Count VII.

    **IT IS FURTHER ORDERED** that Count VIII is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that Plaintiff's official capacity damages claims are **DISMISSED**.

                                             LANCE S. WILSON, CLERK

                                             By      /s/
                                                      Deputy Clerk