# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 10, 2013 |
| | ) | |
| JAMES BENEDETTI, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G.  COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    KATIE OGDEN    REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a motion titled: "Motion for Inability to Execute Meaningful Discovery Plan." (Doc. # 215.) Defendants have opposed the motion. (Doc. # 219.)

While it is not entirely clear what relief Plaintiff seeks by way of his motion, a review of the document reveals that it is really a motion for the appointment of counsel under the guise of a motion by another name. In fact, in his conclusion Plaintiff requests that counsel be appointed. (Doc. # 215 at 6.) He also includes a request for sanctions, without discussing exactly what conduct it is that he deems sanctionable.

Plaintiff essentially asserts that he is unable to participate in discovery because of his lack of comprehension of the process, his inability to investigate and discovery evidence and witnesses because of his restricted conditions of confinement, the inadequacy of the law library, and Defendants supposed willful violation of the discovery process for which Plaintiff does not provide further elaboration. He further asserts that he is unable to articulate his claims, which he argues is demonstrated by the court's dismissal of several of his claims.

///

MINUTES CONT'D
3:08-cv-00657-MMD-WGC
June 7, 2013

_____

        The court has set forth the standard for appointing counsel on numerous occasions in this case as Plaintiff has filed various motions requesting the appointment of counsel. (*See* Docs. # 22, # 23, # 39, # 41, # 95, # 98, # 29, # 131, # 167, # 168, # 199, and # 204.) Therefore, the court will not repeat the standard here. In connection with each of Plaintiff's previous motions seeking the appointment of counsel, the court has found that extraordinary circumstances do not exist to justify the appointment of counsel under the requirements in this circuit. Namely, Plaintiff did not establish a likelihood of success on the merits or an inability to articulate his claims in light of the complexity of the legal issues involved. That has not changed with the instant filing. Plaintiff still has not established a likelihood of success on the merits. In addition, Plaintiff is more than capable of articulating his claims. Nor has he demonstrated that the legal issues involved in this action are unduly complex. Just because the court has dismissed certain claims does not mean that he has not been able to articulate those that have been allowed to proceed. Some of the claims were dismissed, without prejudice, because of Plaintiff's failure to exhaust his administrative remedies. Others were dismissed because there was no evidence to support them. Plaintiff has been able to sufficiently articulate those claims that remain in this action.

        To the extent Plaintiff makes certain comments in his motion regarding initial disclosures, Defendants are correct in pointing out that the parties are exempt from initial disclosures in this action pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(iv) (exempting from initial disclosures actions brought without an attorney by persons in custody of a state). The court has issued a Scheduling Order (Doc. # 220) that sets forth all relevant pretrial deadlines, including deadlines for discovery and dispositive motions.

        In conclusion, Plaintiff's motion (Doc. # 215), whether it seeks the appointment of counsel, sanctions or some other relief related to participation in a discovery plan, is **DENIED**.

        **IT IS SO ORDERED.**

                                        LANCE S. WILSON, CLERK


                                        By:___/s/_____
                                               Deputy Clerk