**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

HOWARD ELLIS,    )    3:08-cv-00657-MMD-WGC
         )
     Plaintiff,    )    **REPORT AND RECOMMENDATION**
         )    **OF U.S. MAGISTRATE JUDGE**
vs.    )
         )
JAMES BENEDETTI, et. al.    )
         )
     Defendants.    )
         )

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Injunction. (Doc. #210.)[1] Defendants have opposed the motion. (Doc. # 212.) Also before the court is Plaintiff's request for an evidentiary hearing in connection with this motion (Doc. # 211), which Defendants have opposed (Doc. # 213). After a thorough review, the court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Howard Ellis (Plaintiff) was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 38, at 1.) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The remaining defendants are James Benedetti, Tony Corda, Jeremy Jackson, Peter Ladner, Roy Plumlee, and Rex Reed. (*See* Screening Order, Doc. # 37; Pl.'s Am. Compl., Doc. # 38 at 2-5; Report & Rec. re Defs' Mtn. to

---

[1] Refers to the court's docket number. Unless otherwise noted all references to page numbers are to the docketed page numbers and not the parties' original page numbers.

Dismiss, Doc. # 186; and Order adopting the same, Doc. # 196.)[2]

Plaintiff's remaining claims are as follows: (1) Count I, a procedural due process claim related to a disciplinary charge against defendant Plumlee where Plaintiff asserts that he was unable to call a witness and was denied inmate substitute counsel; (2) Count III, a First Amendment access to courts claim regarding his ability to access law library materials while housed at Warm Springs Correctional Center which led to the dismissal of a petition for habeas corpus, which is directed to defendants Corda, Benedetti and Reed; (3) Count VII, Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a serious medical need. In this count, Plaintiff alleges that defendant Jackson grabbed him and slammed him against the wall, and that Plaintiff requested and was denied medical attention following the incident. He alleges that defendant Ladner witnessed the incident but failed to intervene. (*See* Docs. # 37, # 38, # 186, # 196.)[3]

While Plaintiff titles the instant motion as his fourth request for injunctive relief, a review of the record reveals that it is actually Plaintiff's third motion requesting injunctive relief. (*See* previous motions at Docs. # 50, # 154.) Each of his previous requests for injunctive relief have been denied. (*See* Report & Rec. at Doc. # 134 and Order adopting the same at Doc. # 148; Report & Rec. at Doc. # 185 and Order adopting the same at Doc. # 189.)

Plaintiff's first motion sought injunctive relief against Dr. John Scott and NDOC Medical Director Dr. Bannister, requesting that he see a doctor, that he be able to possess his keep-on-person medications, that he be put on a low sodium diet, and that he be provided all necessary medical treatment at Lovelock Correctional Center and not Northern Nevada Correctional Center or another facility in southern Nevada. (Doc. # 50 at 2.) He also sought relief against Susan Sparta, the law supervisor, and Warden Robert LeGrand regarding court records. (*Id.*)

---

[2] These are the only defendants that remain following the dismissal of the remaining claims. (*See* Report & Rec. on Defs' Mtn to Dismiss, Doc. # 186; Order adopting the same, Doc. # 196.)

[3] While leave to amend was granted with respect to certain claims, to date Plaintiff has not sought leave to amend his complaint.

2

1  Finally, he sought injunctive relief concerning his classification status because he asserted that
2  he had been put in segregated or protective custody as a result of an improper finding that he
3  was a member of a security threat group. (*Id.*)

4  The court found that Plaintiff improperly sought injunctive relief against Ms. Sparta and
5  Warden LeGrand as they were not defendants to this action and that his assertions against
6  them were not related to this action. (Doc. # 134 at 7, Doc. # 148 at 1.) With respect to his
7  request for injunctive relief concerning his housing status, the court found that Plaintiff did not
8  meet his burden of establishing that he was entitled to such relief. (Doc. # 134 at 8, Doc. # 148
9  at 1.) Finally, concerning his medical issues, the court find Plaintiff had not shown a likelihood
10 of success on the merits, a likelihood of irreparable injury or that the balance of hardships and
11 public interest were in his favor. (Doc. # 134 at 8-12, Doc. # 148 at 1.)

12 Plaintiff's motion for an evidentiary hearing in connection with that motion was also
13 denied. (Doc. # 134 at # 3, Doc. # 148 at 1.)

14 Plaintiff's last request for injunctive relief related to an "ICD" implant or implantable
15 cardioverter-defibrillator, which the court determined was improper because it was not
16 factually related to any claim in this action. (*See* Doc. # 185 at 5, Doc. # 189 at 1.) Plaintiff also
17 requested an evidentiary hearing in connection with that motion (Doc. # 176), and that request
18 was denied because in the court's discretion, a hearing was not warranted. (*See* Doc. # 185,
19 Doc. # 189.)

20 In the instant motion, Plaintiff seeks an order prohibiting prison officials from
21 "falsifying information and records that [Plaintiff] is an alleged member of a security threat
22 group" which he contends has been done in retaliation for naming defendants in this lawsuit.
23 (Doc. # 210 at 1.) In addition, Plaintiff seeks an order taking him out of his current segregated
24 housing status and placing him back in the general population at Lovelock Correctional Center.
25 (*Id.*) Finally, he seeks relief from any "pending" or "actual" retaliatory transfer. (*Id.*)
26 ///
27 ///
28

## II. MOTION FOR EVIDENTIARY HEARING

Plaintiff has filed another motion requesting an evidentiary hearing in connection with the instant request for injunctive relief. (Doc. # 211.)

Local Rule 78-2 provides, "[a]ll motions may, in the Court's discretion, be considered and decided with or without a hearing." L.R. 78-2. The court has reviewed Plaintiff's motion (Doc. # 210), as well as Defendants' opposition (Doc. # 212), and has determined that a hearing is not required to resolve this matter. Accordingly, Plaintiff's motion for an evidentiary hearing (Doc. # 211) should be denied.

## III. LEGAL STANDARD-MOTION FOR INJUNCTIVE RELIEF

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*,

1  555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on
2  a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the
3  likelihood of success is very high…This Court has never rejected that formulation, and I do not
4  believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the
5  sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood,
6  of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v.*
7  *Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-
8  *Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives…when
9  applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words,
10 'serious questions going to the merits' and a hardship balance that tips sharply toward the
11 plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter*
12 test are also met." *Id.*

13 An even more stringent standard is applied where mandatory, as opposed to prohibitory
14 preliminary relief is sought. The Ninth Circuit has noted that although the same general
15 principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that
16 goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious
17 about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740
18 F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary
19 relief is not to be granted unless both the facts and the law clearly favor the moving party and
20 extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115
21 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue.
22 *Id.*

23 Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must
24 satisfy additional requirements when seeking preliminary injunctive relief against prison
25 officials. The PLRA provides, in relevant part:

26 > Preliminary injunctive relief must be narrowly drawn, extend no
27 > further than necessary to correct the harm the court finds requires
> preliminary relief, and be the least intrusive means necessary to

28

5

>correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

## **IV. DISCUSSION**

The court previously advised Plaintiff that while the Ninth Circuit has not addressed the matter directly, this district has held in accordance with other circuits that a request for injunctive relief must be related to the conduct alleged in the complaint, and that he may not file a complaint and use it as a forum to air unrelated grievances. *See, e.g. Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("A relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Instead, he must address such complaints through the proper channels: first, by utilizing the prison grievance system, and then, if the issues remain unresolved after his administrative remedies are properly exhausted, by filing a new action.

Despite this admonition, Plaintiff once again seeks injunctive relief to address issues that are not the subject of this action: prohibiting the alleged falsification of records by asserting that Plaintiff is a member of a security threat group, moving him from segregated housing to general population, and prohibiting a retaliatory transfer.

While Plaintiff attempts to tie these issues to this action, it is clear that they are not directly related to his claims. Plaintiff asserts that the security threat group designation has

1  some relation to his allegation in Count IV that defendant Viadurri falsified a disciplinary
2  report by failing to include a key witness in the report who had information concerning the
3  incident. (Doc. # 210 at 3.) Plaintiff asserts that unidentified prison officials at Lovelock
4  Correctional Center subsequently falsified information concerning the reason Plaintiff was
5  classified as a protective custody inmate. (*Id.*)

6  Plaintiff ignores the fact that Count IV has been dismissed from this action. Plaintiff
7  simply fails to make a connection between his claims against defendants in *this* action and his
8  request for an injunction regarding records indicating that he is a member of a security threat
9  group. (*Id.*) This case does not include a claim regarding an improper classification to a security
10 threat group. Accordingly, Plaintiff's request for injunctive relief in this regard should be
11 denied. Instead, Plaintiff should address this issue through the prison grievance system.

12 With respect to his request for an order prohibiting a retaliatory transfer, Plaintiff states
13 that he alleges a retaliatory transfer in Count III. (Doc. # 210 at 4.) The only claim allowed to
14 proceed in Count III is an access to courts claim. Plaintiff was not permitted to proceed with
15 his claim alleging a retaliatory transfer. Therefore, he has failed to make a connection between
16 the request for an order prohibiting retaliatory transfer and the instant action.

17 It is not clear whether or how Plaintiff seeks to connect his request for a move from
18 segregated housing to general population to this action; however, a review of Plaintiff's pending
19 claims reveals that there is no relationship between the claims and this request. Plaintiff should
20 address his housing issues through the prison grievance system as those issues are properly
21 dealt with by prison administration.

22 In sum, the court recommends that Plaintiff's latest motion for injunctive relief be
23 denied as it requests relief beyond the scope of this action.

### V. RECOMMENDATION

25 **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order as follows:
26 (1) **DENYING** Plaintiff's Motion for Injunction (Doc. # 210); and
27 (2) **DENYING** Plaintiff's Motion for Evidentiary Hearing (Doc. # 211).

7

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 10, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE