UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ELLIS, ) | 3:08-cv-00657-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | August 9, 2013 |
| ) | |
| JAMES BENEDETTI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>   REPORTER:   <u>      FTR      </u>

COUNSEL FOR PLAINTIFF:   <u>HOWARD ELLIS, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANTS:   <u>Micheline Fairbank, Esq.</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:13 a.m. Court convenes.

The Court addresses several pending motions:

**I.    Pending Motions**

  **A.  Request for Entry of Default (Dkt. #236) and Request for Entry of Default Judgment (Dkt. #245)**

Plaintiff contends that, because Defendants have untimely filed their Answer (Dkt. #218) to the Amended Complaint (Dkt. #38), and further, did not seek leave of this Court for an extension of time to file an answer, the Court should grant Plaintiff's Request for Entry of Default (Dkt. #236) and Request for Entry of Default Judgment (Dkt. #245).

Defendants argue that it has been their intention to defend in this case, which is demonstrated by the multiple filings in this matter. Therefore, there is no basis to grant Plaintiff's two motion's for entry of default.

The Court agrees there was an inordinate delay from the time the Amended Minute Order was issued by Judge Reed (Dkt. #196) to the time Defendants filed their Answer (Dkt. #218). However, the Court notes that, pursuant to Fed. R. Civ. P 55, a party may request the Clerk to

MINUTES OF PROCEEDINGS
3:08-cv-00657-MMD-WGC
Date: August 9, 2013
Page 2

enter a default against a Defendant who has failed to plea or otherwise defend, but, the record clearly reflects the intent of the Defendants to defend in this action.  Furthermore, the Court explains it would rather dispose of a case based on the merits of the case and not on technicalities.  For these reasons, an entry of default is not appropriate. Plaintiff's Request for Entry of Default (Dkt. #236) and Request for Entry of Default Judgment (Dkt. #245) are **DENIED**.

### B.  Plaintiff's Motion for Pretrial Conference (Dkt. #235)

Plaintiff suggests scheduling a settlement conference would be beneficial for this case. Ms. Fairbank indicates Defendants would not oppose scheduling a settlement conference; however, Defendants would requests that the settlement conference be scheduled after the disposition of the Motion to Compel and/or Plaintiff supplements his responses to the discovery that has been propounded upon him.  Defendants contend that, at this time, this case does not present substantial settlement interest; however, this may change based upon Plaintiff's supplemental responses to discovery, which will ultimately help evaluate this case for purposes of settlement.

To the extent Plaintiff's motion suggests that a settlement conference be scheduled, the Motion for Pretrial Conference (Dkt. #235) is **GRANTED;** however, the Court and parties will need to first address Defendants' Motion to Compel Discovery before a settlement conference is scheduled.  As to any additional component to the Plaintiff's Motion for Pretrial Conference (Dkt. #235) is **DENIED**.

### C.  Defendants' Motion to Compel Discovery (Dkt. #237)

Defendants have propounded upon Plaintiff written discovery in the form of interrogatories, request for production and request for admissions.  Defendants argue that Plaintiff provided only a blanket objection that did not address the substances of the separate written discovery requests whatsoever; therefore, the Defendants have moved the Court to compel Mr. Ellis to supplement his responses.  Ms. Fairbank indicates that, in effort to satisfy the meet and confer obligation pursuant to local rules governing discovery disputes, she had prepared a detailed letter which set forth Defendants' position and why Plaintiff's responses to discovery were deficient.  Ms. Fairbank states no response was provided by the Plaintiff with regard to the letter.
Plaintiff argues he did respond to Defendants' written discovery requests.  Plaintiff further argues that Defendants did not comply with Local Rule 26-7, which states personal consultation must be made before the filing of a discovery motion, such as a motion to compel.

The Court recognizes that Defendants did not satisfy the obligation of LR 26-7; however,

MINUTES OF PROCEEDINGS
3:08-cv-00657-MMD-WGC
Date: August 9, 2013
Page 3

at the same time, Plaintiff's responses to the written discovery requests are deficient.  The Court advises Plaintiff that he is obligated to respond to discovery and that a blanket response to all discovery is not adequate.  The Court suggests that if Plaintiff asserts some limitation to adequately respond to a discovery request, then that should be elaborated in his responses.

      Good cause appearing, additional time for Plaintiff to supplement his discovery responses is warranted.  However, the Court finds it appropriate to first direct Defendants to schedule a conference with Mr. Ellis to discuss Defendants' objections to Plaintiff's initial discovery responses.  Thereafter, Plaintiff shall supplement his discovery responses.  In light of the Court's directive, the following schedule is set:

      - Defendants shall arrange to have a conference with Mr. Ellis to discuss discovery Defendants' discovery requests no later than **August 21, 2013**.

      - Plaintiff shall respond to discovery no later than **September 23, 2013**.

      - Defendants shall have up to **September 27, 2013**, to file any supplement to their Motion to Compel, if necessary.

      - Plaintiff shall have up to **October 7, 2013**, to file a response to any supplemental Motion to Compel, if necessary.

      Therefore, Defendants' Motion to Compel Discovery (Dkt. #237) is **DEFERRED**.

## II.    Status Conference Scheduled

      The Court schedules a Status Conference for **Monday, October 9, 2013, at 9:30 a.m.**, to address the status of Defendants' Motion to Compel and to also address the possibility of scheduling a settlement conference.

## III.    Additional Order from the Court

      The Courtroom Administrator shall send Plaintiff a current copy of the docket sheet.

      Plaintiff is **GRANTED** a $5.00 copy work extension.

**MINUTES OF PROCEEDINGS**
3:08-cv-00657-MMD-WGC
Date: August 9, 2013
Page 3

**IT IS SO ORDERED.**

11:01 a.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk