1
2
3
4
5
6
7      UNITED STATES DISTRICT COURT
8         DISTRICT OF NEVADA
9              * * *

10                                          Case No. 3:08-cv-00657-MMD-WGC
11   HOWARD ELLIS,
                                                        ORDER
12                        Plaintiff,
                                            (Plaintiff's Motion to Alter or Amend
13        v.                                       Judgment – dkt. no. 197;
                                            Plaintiff's Objection to Order Denying
14                                          Motion to Appoint Counsel – dkt. no. 205;
     BENEDETTI, et al.,                     Plaintiff's Objection to Magistrate Judge's
15                        Defendants.             Report and Recommendation and
                                                 Consolidated Objections to Magistrate
16                                               Orders – dkt. no. 233;
                                            Plaintiff's Objection to Magistrate Judge's
17                                              Order to Extend Time – dkt. no. 247)

18

19   I.    SUMMARY

20         Before the Court is: (1) Plaintiff's Motion to Alter or Amend Judgment (dkt. no.

21   197); (2) Plaintiff's Objection to Magistrate Judge's Order Denying Motion to Appoint

22   Counsel (dkt. no. 205); (3) Plaintiff's Objection to Magistrate Judge's Report and

23   Recommendation ("R&R") and Consolidated Objections to Magistrate Orders (dkt. no.

24   233); and (4) Plaintiff's Objection to Magistrate Judge's Order to Extend Time (dkt. no.

25   247.)

26         For the reasons discussed below, the Motion to Alter or Amend Judgment is

27   denied. The Magistrate Judge's R&R (dkt. no. 226) is approved and adopted. All other

28   objections are overruled and denied.

## II.    BACKGROUND

Plaintiff Howard Ellis is a pro se litigant proceeding *in forma pauperis*. He is an inmate in custody of the Nevada Department of Corrections and has been at all relevant times. (*See* dkt. no. 38.)

Mr. Ellis filed a 42 U.S.C. § 1983 action with the Court on December 16, 2008. (Dkt. no. 1.) The Court screened the Complaint and dismissed the action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (*See* dkt. no. 4.) Mr. Ellis appealed the Court's order to the Ninth Circuit, which affirmed in part, reversed in part, and remanded with instructions for the Court to consider whether leave to amend is appropriate. (Dkt. no. 18.)

Following the Ninth Circuit's decision, this action was reopened and Mr. Ellis was given an opportunity to file an amended complaint. (Dkt. no. 23.) The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and issued a Screening Order on April 15, 2011 ("Screening Order"). (Dkt. no. 37.)  Although Mr. Ellis asserted an Eighth Amendment claim in Count 6 of the Amended Complaint, the Court explained in the Screening Order that Count 6 properly alleges facts to state a colorable claim for First Amendment retaliation. (*See* dkt. no. 37 at 10.) The Court did not allow the Eighth Amendment claim in Count 6 to go forward, ordering that Mr. Ellis could proceed on the following colorable claims: (1) Count 1 – procedural due process related to a disciplinary charge; (2) Count 2 – Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a  serious medical need; (3) Count 3 – First Amendment access to courts; (4) Count 4 – Fourteenth Amendment procedural due process and conspiracy; (5) Count 6 – First Amendment retaliation; (6) Count 7 – Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation; and (7) Count 8 – First Amendment retaliation and conspiracy. (Dkt. no. 37.)

Defendants filed a Motion to Dismiss the Amended Complaint on November 7, 2011. (Dkt. no. 101.) With regard to Count 6, Defendants argued that the First Amendment retaliation claim should be dismissed for failure to state a claim. In his

2

Opposition, Mr. Ellis acknowledged that the Court had construed Count 6 as a First Amendment retaliation claim and argued that all of the elements for the First Amendment claim were made out in the Amended Complaint. (See dkt. no. 142 at 24-26.)

On May 14, 2012, Magistrate Judge William G. Cobb issued an R&R regarding the Motion to Dismiss that granted the Motion to Dismiss in part and denied it in part. (Dkt. no. 186.) Among other things, the R&R construed Defendants' argument as to the First Amendment claim in Count 6 as one for summary judgment. The R&R recommended that the Court grant summary judgment in favor of the Defendants as to Count 6. The Court approved and adopted the R&R in an Amended Minute Order on August 23, 2012. (Dkt. no. 196.) In the wake of the Amended Minute Order, the following claims remain: (1) Count 1 – procedural due process related to a disciplinary charge; (2) Count 3 – First Amendment access to courts; and (3) Count 7 – Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation.

Since the filing of his Amended Complaint, Mr. Ellis has filed seven motions seeking the appointment of counsel. (See dkt. nos. 39, 95, 125, 161, 167, 199, 228.) Each of these motions was denied. (See dkt. nos. 41, 98, 131, 166, 168, 204, 231.) Plaintiff has also filed three motions requesting injunctive relief. (See dkt. nos. 50, 154, 210.) The first two motions were each denied (dkt. nos. 148, 189), and Judge Cobb has entered an R&R recommending the denial of the third motion (dkt. no. 226).

Mr. Ellis now moves to alter or amend the Amended Minute Order regarding Defendants' Motion to Dismiss as it pertains to the dismissal of Count 6. (Dkt. no. 197.) Mr. Ellis also objects to Judge Cobb's R&R recommending denial of his Motion for Injunction and Motion for Evidentiary Hearing (dkt. no. 233).

In dkt. nos. 205, 233, and 247, Mr. Ellis also objects to the following orders entered by Judge Cobb: (1) Order denying Mr. Ellis' Motion for Appointment of Counsel filed on September 21, 2012 (dkt. no. 204); (2) Minute Order denying Mr. Ellis' Motion for Inability to Execute Meaningful Discovery Plan (dkt. no. 224); (3) Minute Order denying Mr. Ellis' Motion for Judicial Action (dkt. no. 225); (4) Minute Order denying Mr. Ellis'

1  Motion for Stay in the Proceedings (dkt. no. 230); (5) Order denying Mr. Ellis' Motion for

2  Appointment of Counsel filed on June 12, 2013 (dkt. no. 231); and (6) Order granting

3  Defendants' Motion to Extend Time (dkt. no. 244). The Court considers each of these

4  motions and objections.

5  **III.    MOTION TO ALTER OR AMEND JUDGMENT**

6      **A.    Legal Standard**

7      Motions for reconsideration may be brought under Rule 59(e) or Rule 60(b). Mr.

8  Ellis seeks reconsideration of the Minute Order pursuant to Rule 59(e).

9      Under Rule 59(e), a motion may be made to alter or amend a judgment "no later

10  than 28 days after the entry of a judgment." Fed. R. Civ. P. 59(e). Rule 59(e) may not be

11  used to "relitigate old matters, or to raise arguments or present evidence that could have

12  been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471,

13  486 (2008) (citation omitted). A Rule 59(e) motion "'should not be granted, absent highly

14  unusual circumstances, unless the district court is presented with newly discovered

15  evidence, committed clear error, or if there is an intervening change in the controlling

16  law.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

17      A party may also receive reconsideration of a judgment or order pursuant to Rule

18  60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order or

19  proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or

20  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5)

21  the judgment has been satisfied; or (6) any other reason justifying relief from the

22  judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v.*

23  *Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district

24  court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). A motion

25  under Rule 60(b) must be made within a year of the entry of the judgment or order for

26  reasons (1), (2), and (3), and must be made within a reasonable time for reasons (4), (5),

27  and (6). Fed. R. Civ. P. 60(c)(1). "'What constitutes 'reasonable time' depends upon the

28  facts of each case, taking into consideration the interest in finality, the reason for delay,

1   the practical ability of the litigant to learn earlier of the grounds relied upon, and
2   prejudice to the other parties.'" *Lemoge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir. 2009)
3   (*citing Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

4       **B.   Analysis**

5       After carefully considering his Motion and Reply, it is apparent to the Court that
6   Mr. Ellis does not take issue with the Minute Order he ostensibly seeks to alter or
7   amend, but rather the Screening Order entered in April 2011. Mr. Ellis makes the
8   following arguments: (1) that Count 6 should not have been construed by the Court as a
9   First Amendment claim without giving him the opportunity to amend; and (2) that he is
10  either entitled to summary judgment as to the Eighth Amendment claim he asserts in
11  Count 6 of the Amended Complaint, or said claim should be allowed to proceed to trial.
12  These arguments relate to the Screening Order that construed his Eighth Amendment
13  claim in Count 6 as a First Amendment claim and did not provide him with an opportunity
14  to amend. The Court was explicit in the Screening Order that the only Count 6 claim
15  allowed to proceed was a First Amendment retaliation claim, not the Eighth Amendment
16  claim specifically asserted in the Amended Complaint.  At the time the R&R and Minute
17  Order considered Count 6, a First Amendment retaliation claim was the only claim that
18  remained viable.  The Court in the Minute Order therefore did not make any
19  determination as to the Eighth Amendment claim in Count 6. As the Court finds that Mr.
20  Ellis' concerns are properly directed at the Screening Order and not the Minute Order
21  challenged in the Motion, it will examine whether the Court should reconsider the
22  Screening Order pursuant to Rule 59(e) or Rule 60(b).

23      Mr. Ellis cannot alter or amend the Screening Order under Rule 59(e) because
24  more than twenty-eight (28) days have passed since the Screening Order was entered in
25  2011. Similarly, the Court may not reconsider the Screening Order under Rule 60(b)(1),
26  (2) or (3) because it has been more than one (1) year since the Screening Order was
27  entered. Rule 60(b)(4) and (5) describe situations that are inapplicable to the Screening
28  Order. The only avenue for reconsideration that remains, therefore, is Rule 60(b)(6).

1    A Rule 60(b)(6) motion must be brought in a reasonable time. The Court finds that

2  Mr. Ellis has waited longer than is reasonable to challenge the Screening Order. Mr. Ellis

3  filed his Motion over sixteen (16) months from entry of the Screening Order. Since entry

4  of the Screening Order in April 2011, Mr. Ellis has refrained from raising his concerns in

5  any of his subsequent filings, including his opposition to the Motion to Dismiss the

6  Amended Complaint. None of the arguments raised in Mr. Ellis' Motion are based on

7  new evidence or new developments that could justify the delay. The Court's interest in

8  finality must weigh against Mr. Ellis' Motion.

9    Even if the Court were to find that Mr. Ellis filed a timely Rule 60(b)(6) motion,

10  Rule 60(b)(6) only applies in the most extraordinary circumstances. *See Ackermann v.*

11  *United States*, 340 U.S. 193, 202 (1950). There is nothing in the record to suggest that

12  there is an extraordinary circumstance in this case that would warrant the Court's

13  reconsideration of a screening order entered over two (2) years ago. This is particularly

14  true where, as here, Mr. Ellis has had ample time and opportunity to raise his concerns.

15  While Mr. Ellis is incarcerated and proceeding *pro se*, he has repeatedly shown that he

16  is able to challenge the Court's orders. At this late date, the Court will not re-screen his

17  Eighth Amendment claim in Count 6.

18

19  **IV.  OBJECTION TO R&R RECOMMENDING DISMISSAL OF MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EVIDENTIARY HEARING**

20    **A.  Legal Standard**

21    This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Where a party

23  timely objects to a magistrate judge's report and recommendation, then the court is

24  required to "make a *de novo* determination of those portions of the [report and

25  recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).  Where a party

26  fails to object, however, the court is not required to conduct "any review at all . . . of any

27  issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

28  Indeed, the Ninth Circuit has recognized that a district court is not required to review a

1   magistrate judge's report and recommendation where no objections have been filed. *See*
2   *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard
3   of review employed by the district court when reviewing a report and recommendation to
4   which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,
5   1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the
6   view that district courts are not required to review "any issue that is not the subject of an
7   objection."). Thus, if there is no objection to a magistrate judge's recommendation, then
8   the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F.
9   Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to
10  which no objection was filed).

11          **B.    Analysis**

12          Pursuant to 28 U.S.C. § 636(b)(1), LR-IB 3-2, and Rule 6(d), Mr. Ellis was allowed
13  seventeen (17) days to file his objection to the R&R filed on June 10, 2013. (*See* dkt. no.
14  226.) Mr. Ellis' objection was not filed, however, until June 28, 2013, eighteen (18) days
15  later. (Dkt. no. 233.) As Mr. Ellis' objection is not timely, the Court need not review the
16  R&R.

17          Nevertheless, the Court finds it appropriate to engage in a *de novo* review to
18  determine whether to adopt Judge Cobb's recommendations. Mr. Ellis seeks a
19  preliminary injunction: (1) prohibiting the alleged falsification of records as to why he was
20  in protective segregation; (2) moving him from segregated housing to general
21  population; and (3) prohibiting a retaliatory transfer. None of these concerns relates to
22  the allegations made in the remaining claims in this case. "Plaintiff may not file a
23  complaint in federal court and then use the action as a forum for airing unrelated
24  grievances concerning his incarceration." *Johnson v. Alvarez*, 2:11-cv-484, 2012 WL
25  398443, at *4 (D. Nev. Feb. 7, 2012). While the Court recognizes the seriousness of Mr.
26  Ellis' allegations, the Court agrees with Judge Cobb that he must first use the prison
27  grievance system and, following exhaustion of administrative remedies, he may file a
28  new action if he decides it is appropriate to do so.

1    The Court has considered the R&R, Mr. Ellis' Objections and Defendants' Reply
2    and agrees that the relief requested in Mr. Ellis' January 2013 Motion for Preliminary
3    Injunction (dkt. no. 210) is beyond the scope of this action

## V.    OBJECTIONS TO ORDERS DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

### A.    Legal Standard

7    Generally, a person has no right to counsel in civil actions. *See Storseth v.*
8    *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court is able to request an
9    attorney for a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). While Mr.
10   Ellis moved for counsel to be appointed, the Court's authority is limited to requesting
11   counsel for Mr. Ellis. Under LR IB 3-1, 28 U.S.C. § 636(b) and Rule 72, the Court may
12   reconsider a Magistrate Judge's pre-trial order where the order is timely objected to and
13   clearly erroneous or contrary to law. The Court reviews the Magistrate Judge's order *de*
14   *novo* but recognizes that the decision to refuse to request counsel pursuant to 28 U.S.C.
15   § 1915(e)(1) is discretionary. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998).

16   The Court may only request counsel in exceptional circumstances. *Terrell v.*
17   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to determine whether exceptional
18   circumstances exist, the Court must consider "'the likelihood of success on the merits'"
19   as well as the ability of the plaintiff to articulate his arguments "'in light of the complexity
20   of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)
21   (citation omitted). Neither of these considerations is dispositive and the Court must
22   examine them together. *Id.* (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
23   1986).

### B.    Analysis

25   Mr. Ellis has filed two separate objections (dkt. nos. 205, 233) to two orders
26   denying his motions for the appointment of counsel (dkt. nos. 204, 231). While Mr. Ellis
27   does have a handful of claims that have survived the screening and motion to dismiss
28   stages, he has not sufficiently demonstrated in either of his relevant motions for the

1  appointment of counsel (dkt. nos. 199, 228) that his remaining claims are likely to
2  succeed.

3      In both of his orders, Judge Cobb found that Mr. Ellis has demonstrated an ability
4  to articulate his claims in his motions and in the Amended Complaint. Further, he
5  recognized that Mr. Ellis was able to successfully litigate an appeal to the Ninth Circuit
6  and is involved in other lawsuits. As Mr. Ellis has shown sufficient ability to articulate his
7  claims, as this action does not involve substantial legal complexity, and as he has not
8  shown likelihood of success on the merits, the Court finds that Judge Cobb's denial of
9  Mr. Ellis' motions for appointment of counsel was not clearly erroneous or contrary to
10 law.

11
12 **VI.   OBJECTIONS TO ORDERS DENYING MOTION FOR INABILITY TO EXECUTE
       MEANINGFUL DISCOVERY PLAN AND MOTION FOR JUDICIAL ACTION**

13     Under LR IB 3-1, 28 U.S.C. § 636(b) and Rule 72, an objection to a Magistrate
14 Judge's order must be brought within fourteen (14) days. Pursuant to Rule 6(d), Mr. Ellis
15 is entitled to three (3) extra days to allow time for service.

16     Judge Cobb's Minute Order Denying the Motion for Inability to Execute
17 Meaningful Discovery Plan, and his Minute Order Denying Motion for Judicial Action
18 were both entered on June 10, 2013. (Dkt. nos. 224, 225.) Mr. Ellis filed objections to
19 these orders on June 28, 2013. (Dkt. no. 233.) As Mr. Ellis' objections are not timely, the
20 Court will not reconsider Judge Cobb's Minute Orders.

21 **VII.   OBJECTION TO ORDER DENYING MOTION TO STAY THE PROCEEDINGS**

22     Under LR IB 3-1, 28 U.S.C. § 636(b) and Rule 72, the Court may reconsider a
23 Magistrate Judge's pre-trial order where the order is timely objected to and clearly
24 erroneous or contrary to law. The Court reviews the Magistrate Judge's order *de novo*.
25 Fed. R. Civ. P. 72(b)(3).

26     Mr. Ellis requested a stay of the scheduling order (dkt. no. 220) in this case due to
27 a judicial complaint he claims to have filed with the Ninth Circuit. (Dkt. no. 229.) His
28 request was denied by Judge Cobb. (Dkt. no. 230.) The Court is not aware of a judicial

9

complaint pending in the Ninth Circuit that is related to this case, and Mr. Ellis does not provide any evidence that this complaint was filed. Even if Mr. Ellis did have a judicial complaint pending before the Ninth Circuit, the Court sees no reason why it should stay proceedings. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)." Mr. Ellis has made no such showing here. He only makes general assertions of a pending judicial complaint and potential "irreparable harm." (Dkt. no. 233 at 11–12.) The Court finds that these assertions are not sufficient to stay this case, which has already been pending for a substantial amount of time.

## VIII.   OBJECTION TO ORDER GRANTING MOTION TO EXTEND TIME

Under LR IB 3-1, 28 U.S.C. § 636(b) and Rule 72, the Court may reconsider a Magistrate Judge's pre-trial order where the order is timely objected to and clearly erroneous or contrary to law. The Court reviews the Magistrate Judge's order *de novo*. Fed. R. Civ. P. 72(b)(3).

Defendants requested additional time to file a motion for summary judgment. (Dkt. no. 242.) Specifically, Defendants asked for thirty (30) days after the Court enters an order as to their pending Motion to Compel Discovery (dkt. no. 237). Judge Cobb found that there was good cause to allow the enlargement of time as Mr. Ellis' responses to discovery will be important to the defenses and arguments that Defendants intend to make in their motion for summary judgment.  Mr. Ellis objects because he states that he will not be conducting discovery, a fact that he explained in his Motion for Inability to Execute Meaningful Discovery Plan, which was denied. As previously discussed, that order (dkt. no. 224) will not be reconsidered by the Court. (*See* discussion *supra* Part IV.) The Court agrees that Defendants have shown good cause to warrant additional time for them to file their summary judgment motion following Judge Cobb's decision as to their Motion to Compel Discovery.

///

///

1   **IX.   CONCLUSION**

2          The Court notes that the parties made several arguments and cited to several

3   cases not discussed above.  The Court has reviewed these arguments and cases and

4   determines that they do not warrant discussion or reconsideration as they do not affect

5   the outcome of the Motion.

6          IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Judgment

7   (dkt. no. 197) is DENIED.

8          IT IS FURTHER ORDERED that Magistrate Judge's Report & Recommendation

9   (dkt. no. 226) is APPROVED and ADOPTED. Plaintiff's Motion for Preliminary Injunction

10   (dkt. no. 210) is DENIED and Plaintiff's Motion for Evidentiary Hearing (dkt. no. 211) in

11   connection with dkt. no. 210 is DENIED

12          IT IS FURTHER ORDERED that Plaintiff's objection to the Magistrate Judge's

13   June 2013 order denying Plaintiff's Motion for Appointment of Counsel (dkt. no. 233) is

14   OVERRULED and DENIED.

15          IT IS FURTHER ORDERED that Plaintiff's objection to the Magistrate Judge's

16   October 2012 order denying Plaintiff's Motion to Appointment Counsel (dkt. no. 205) is

17   OVERRULED and DENIED.

18          IT IS FURTHER ORDERED that Plaintiff's objection to Magistrate Judge's order

19   denying Plaintiff's Motion for Inability to Execute Meaningful Discovery Plan (dkt. no.

20   233) is OVERRULED and DENIED.

21          IT IS FURTHER ORDERED that Plaintiff's objection to Magistrate Judge's order

22   denying Plaintiff's Motion for Judicial Action (dkt. no. 233) is OVERRULED and DENIED.

23          IT IS FURTHER ORDERED that Plaintiff's objection to Magistrate Judge's order

24   denying Plaintiff's Motion to Stay (dkt. no. 233) is OVERRULED and DENIED.

25   ///

26   ///

27   ///

28   ///

1        IT IS FURTHER ORDERED that Plaintiff's objection to Magistrate Judge's order

2    granting Defendants' Motion to Extend Time (dkt. no. 247) is OVERRULED and

3    DENIED.

4        DATED THIS 27th day of August 2012.

5

6                            MIRANDA M. DU

7                            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28