**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HOWARD ELLIS, | ) 3:08-cv-00657-MMD-WGC |
| | ) |
| Plaintiffs, | ) **REPORT & RECOMMENDATION** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| JAMES BENEDETTI, et. al., | ) |
| | ) |
| Defendants. | ) |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is a Referral Notice from the United States Court of Appeals for the Ninth Circuit referring this matter to the district court for the limited purpose of determining whether Plaintiff's in forma pauperis status should continue on appeal. (*See* Doc. # 263.)[1]

Plaintiff, a pro se litigant and inmate in custody of the Nevada Department of Corrections (NDOC) filed this action pursuant to 42 U.S.C. § 1983. (Doc. # 1.) The court screened the original complaint and dismissed the action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (Doc. # 4.) Plaintiff appealed and the Ninth Circuit affirmed in part,

---

[1] Refers to court's docket number .

reversed in part, and remanded with instructions for the district court to consider whether leave to amend is appropriate. (Doc. # 18.) The action was then reopened and Plaintiff was given an opportunity to file an amended complaint. (Doc. # 23.) Plaintiff filed an amended complaint, which the court screened. (Docs. # 37, # 38.) The court allowed Plaintiff to proceed with certain colorable claims: (1) Count 1- procedural due process related to a disciplinary charge; (2) Count 2- Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a serious medical need; (3) Count 3- First Amendment access to courts; (4) Count 4- Fourteenth Amendment procedural due process and conspiracy; (5) Count 6- First Amendment retaliation; (6) Count 7 – Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation; and (7) Count 8- First Amendment retaliation and conspiracy. (Doc. # 37.)

Defendants then filed a motion to dismiss. (Doc. # 101.)  The court issued a report and recommendation that the motion be granted in part and denied in part (Doc. # 186), which was adopted by the district court (Doc. # 196). As such, the following claims remain: (1) Count 1- procedural due process related to a disciplinary charge; (2) Count 3- First Amendment access to courts; and (3) Count 7- Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation.

Plaintiff filed three motions requesting injunctive relief. (Docs. # 50, # 154 and # 210.) The court's ruling on the latest of these motions is the subject of his notice of appeal. In that motion, Plaintiff sought a preliminary injunction: (1) prohibiting the alleged falsification of records as to why he was in protective segregation; (2) moving him from segregated housing to general population; and (3) prohibiting a retaliatory transfer. (Doc. # 210.) The court concluded that none of these concerns relate to the allegations made in the remaining claims in this case.

(Doc. # 256.) The court advised Plaintiff that he may not file an action in federal court and then use the action as a forum to air unrelated grievances. (*Id.*) Plaintiff's was further advised he should first use the prison grievance system to address his concerns, and following the exhaustion of his administrative remedies, file a new action if he deems it appropriate to do so. (*Id.*) The court also denied Plaintiff's request for an evidentiary hearing in connection with this motion. (*Id.*)

On August 30, 2013, Plaintiff filed a "Notice of Appeal in Part." (Doc. # 258.) He appeals to the United States Court of Appeals for the Ninth Circuit from the order (Doc. # 256) entered concerning his motion for injunctive relief (Doc. # 210) and motion for evidentiary hearing in support of his request for injunctive relief (Doc. # 211).

The Ninth Circuit referred this matter to the district court for the limited purpose of determining whether Plaintiff's in forma pauperis status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (Doc. # 263.)

28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where district court finds the appeal to be frivolous). "In the absence of some evident improper motive, the applicant's good faith is established by presentation of any issue that is not plainly frivolous." *Ellis v. U.S.*, 356 U.S. 674 (1958). The standard for determining whether an appeal is frivolous is essentially the same as the standard for determining whether a claim is frivolous, *i.e.*, whether it lacks an arguable basis either in law or in fact. *See Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984); *see also* 28 U.S.C. § 1915€(2) (stating that suit must be

dismissed if it is frivolous, fails to state a claim, or is brought against defendants immune from suit for monetary damages).

The court finds that Plaintiff's appeal is frivolous and therefore not taken in good faith. The court advised Plaintiff multiple times in this litigation that he may not seek injunctive relief with respect to concerns that are unrelated to his pending claims. As such, it is recommended that the District Court certify that Plaintiff's appeal is not brought in good faith within the meaning of 28 U.S.C. §1915(a)(3), thereby revoking Plaintiff's in forma pauperis status on appeal.

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **CERTIFYING** that Plaintiff's appeal is not taken in good faith, and **REVOKING** his in forma pauperis status on appeal.

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: September 13, 2013

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**