UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HOWARD ELLIS,

                     Plaintiff,

    v.

JAMES BENEDETTI, et al.,

                    Defendants.

Case No. 3:08-cv-00657-MMD-WGC

ORDER

Plaintiff Howard Ellis appealed the Court's decision to deny his last motion for preliminary injunction. (Dkt. no. 258.) The Ninth Circuit issued a Referral Notice referring this matter to the Court for the limited purpose of determining whether Mr. Ellis' in forma pauperis ("IFP") status should continue for his appeal.  (Dkt. no. 263.)  This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule Rules of Practice, LR IB 1-4. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court enter an order certifying that Plaintiff Howard Ellis's appeal is not taken in good faith and revoking his IFP status on appeal. (Dkt. no. 267.)  Mr. Ellis has filed a timely objection.  (Dkt. no. 272.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Where, as here, a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Upon a de novo review of the R&R, the Court agrees with the Magistrate Judge's determination that the appeal of the Court's denial of the motion for preliminary injunction is not taken in good faith. As explained in the Court's Order which Mr. Ellis seeks to appeal, the types of relief requested in Mr. Ellis' motion for preliminary injunction are not related to the allegations made in the remaining claims in this case. (Dkt. no. 256 at 7.) Mr. Ellis' recourse is to first exhaust his administrative remedies and then pursue these claims in a separate lawsuit if he decides it is appropriate to do so. His appeal of the Court's decision is not taken in good faith.

Mr. Ellis raised a number of arguments in his Objections, but the three main arguments that go to the R&R's recommendation to deny IFP status are: (1) his appeal is not frivolous because the Court erred in denying the motion that is the basis of his appeal; (2) he should be granted IFP status because he was previously granted IFP status in connection with his previous appeal in this case; and (3) adverse circumstances relating to his deteriorating health entitle him to in IFP status under 28 U.S. 1915.

The first ground is an attempt to re-argue his motion for preliminary injunction. Moreover, as discussed above, the Court finds Mr. Ellis' appeal to be frivolous and not taken in good faith.

As to his second argument, Mr. Ellis appears to argue that his IFP status in connection with his previous appeal constitutes the "law of case" such that he should be granted IFP status in his current appeal. However, the Court is required to consider IFP status in connection with each appeal. See 28 U.S.C. 1915(a)(3) ("an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Just because Mr. Ellis was granted IFP status in his earlier appeal does not mean that his current appeal is taken in good faith. As support, Mr. Ellis cites to *Hooker v. American Airlines*, 302 F.3d 1091 (9th Cir. 2002), but that case involves the question of whether IFP status should be authorized for an appeal as a whole or on a piecemeal claim by claim basis. The district court in that case granted leave to proceed in forma

pauperis on some claims but not on other claims that were found to be frivolous. The Ninth Circuit reversed, holding that where a district court found certain portions of the appeal to be taken in good faith, petitioner was entitled to IFP status on the entire appeal. The *Hooker* case thus addresses claims in the same appeal, not separate appeals taken on appealable decisions at different times in the same case.

Finally, Mr. Ellis argues that adverse circumstances relating to his health constitutes "imminent danger" under 28 U.S.C. § 1915(g). This exception is inapplicable here. The Prison Litigation Reform Act provides that IFP status is unavailable to prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007). One exception to this rule is where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Magistrate Judge's recommendation to deny IFP status is based on the frivolousness of the appeal, not on a finding of successive frivolous actions or appeals. Moreover, there is no connection between the issues raised in Mr. Ellis's appeal and his claim of imminent danger.

It is therefore ordered that the Magistrate Judge's Report and Recommendation (dkt. no. 267) is adopted. The Court certifies that Plaintiff Howard Ellis' appeal is not taken in good faith and his in forma pauperis status on appeal should be revoked.

DATED THIS 27th day of September  2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3