UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 8, 2013 |
| | ) | |
| JAMES BENEDETTI, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden        REPORTER:          FTR

COUNSEL FOR PLAINTIFF:   Howard Ellis, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Micheline Fairbank, Esq.

**MINUTES OF PROCEEDINGS: Status Conference**

9:35 a.m. Court convenes.

The court holds a status conference to address Defendants' Motion to Compel Discovery (Doc. # 237) which was deferred for ruling at the last motion hearing held on August 9, 2013 (Doc. # 254). At the August 9, 2013 hearing, the court granted the parties additional time to meet and confer with respect to the discovery disputes, as well as, granted Plaintiff an extension of time to respond to any outstanding discovery that remained at issue after the conference. Defendants were then allowed time to file any supplemental to their motion to compel, which Plaintiff was also afforded additional time to respond to any supplemental motion to compel.

To date, Plaintiff has not filed a response to Defendants' motion to compel. Defendants have filed a Supplement to Defendants' Motion to Compel Discovery (Doc. # 271), which Plaintiff has responded to (Doc. # 278).

The court briefly reviews the background and status of the case, summarizing which Defendants are still active and which claims have survived the court's screening of the this case and other court orders. Plaintiff advises the court that it had omitted Defendant Shannon Moyle as an active defendant in this matter during the summary. The court recognizes Plaintiff may be correct, and requests defense counsel to verify. At this time, Ms. Fairbank is unable to confirm without having the opportunity to review the case documents.

MINUTES OF PROCEEDINGS
3:08-cv-00657-MMD-WGC
Date: October 8, 2013
Page 2

      The court turns to address Defendants' Motion to Compel Discovery (Doc. # 237) and Supplement to Defendants' Motion to Compel Discovery (Doc. # 271), and hears argument.

      Defendants argue that Plaintiff continues to provide nonspecific and noncompliant, blanket objections to Defendants' discovery requests. Defendants represent they have attempted to meet and confer with Plaintiff to assist with any issues or confusion he may have regarding specific discovery requests. Defendants claim that, at the outset of the most recent telephonic meet and confer conference, Mr. Ellis explained he had filed a "Petition for Writ of Prohibition" (Doc. # 252) and that this will be the extent of his response to Defendants' discovery requests.

      The court reviews Defendants' discovery and finds it to be specifically tailored to the factual averments of Plaintiff's action.

      Plaintiff argues the court continues to fail to take his conditions of confinement allegations seriously enough. Plaintiff states his intention of filing a Petition for Writ of Prohibition is to seek relief from the court which would preclude Magistrate Judge Cobb from taking any further action in this matter. Therefore, Plaintiff does not agree that this hearing should continue without any resolution of his Petition for Writ of Prohibition or the Notice of Appeal (Doc. # 258) currently pending before the Ninth Circuit Court of Appeals. Plaintiff seeks for this case to be deferred until the Ninth Circuit rules with regard to his Notice of Appeal.

      Defense counsel argues that Plaintiff's Notice of Appeal is considered an interlocutory appeal, which does not automatically stay the underlining proceedings. Defendants' oppose any stay in this matter, stating that a stay in the proceedings will only prolong this matter.

      The court advises Mr. Ellis that his arguments with regard to the Petition for Writ of Prohibition are noted; however, at this time, the court does not believe the petition would preclude the Magistrate Judge from continuing to address discovery motions. A stay in this matter has not been entered by this court or by the Ninth Circuit Court of Appeals. Plaintiff's notice of appeal on the denial of his motion for preliminary injunction does not bear on the underlining substantive claims in this case (see District Judge Du's Order, Doc. # 256). Therefore, the court does not find any merit to delay discovery in this case. The court continues with today's proceedings and hears any additional comments.

      IT IS THE ORDERED OF THE COURT that Defendants' Motion to Compel Discovery (Doc. # 237) is **GRANTED**. Plaintiff shall have forty-five (45) days from today, or up to and including **Friday, November 22, 2013**, to file responses to Defendants' outstanding discovery requests.

MINUTES OF PROCEEDINGS
3:08-cv-00657-MMD-WGC
Date: October 8, 2013
Page 3

      Plaintiff continues to allege he is not able to respond to discovery and thus asserts he has not requested nor does he find it necessary for the extension of time the court is affording him to respond to Defendants' discovery requests.  Plaintiff states he will not respond to discovery because he has filed a Petition for Writ of Prohibition and, as a result of today's hearing, he will be filing another extraordinary writ to the Ninth Circuit Court of Appeals.  Plaintiff requests that the record reflect that he has a right to file objections to the orders regarding this motion to compel, as well as to the orders denying his motion's for entry of default (Doc. ## 236 and 245).  Plaintiff states he did not receive the Minutes of Proceedings Order (Doc. # 254) until August 28, 2013.

      In view of Plaintiff's refusal to respond to Defendants' discovery, the court advises Plaintiff that the court could enter an order of dismissal of this action due to Plaintiff's failure to comply with the discovery orders of this court.  Furthermore, although Plaintiff asserts the Minutes of Proceedings Order from the August 9, 2013 hearing were delayed, the court observes Plaintiff was able to comply with the deadline established at the August 9th hearing.  Therefore, even if plaintiff did not receive the minutes until August 28, he has not been prejudiced by any delay.

**IT IS SO ORDERED.**

10:16 a.m. Court adjourns.

                                                                                     LANCE S. WILSON, CLERK

                                                                                 By: _____/s/_____
                                                                                   Katie Lynn Ogden, Deputy Clerk