UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ELLIS, | ) | 3:08-cv-00657-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BENEDETTI, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Stay in the Proceedings. (Doc. # 277.)[1] In this motion, Plaintiff seeks a stay of the courts orders set forth in Document Numbers 254 and 274, while his appeal of the court's order denying his request for injunctive relief is pending.

Plaintiff, a pro se litigant and inmate in custody of the Nevada Department of Corrections (NDOC) filed this action pursuant to 42 U.S.C. § 1983. (Doc. # 1.) The court screened the original complaint and dismissed the action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (Doc. # 4.) Plaintiff appealed and the Ninth Circuit affirmed in part, reversed in part, and remanded with instructions for the district court to consider whether leave to amend is appropriate. (Doc. # 18.) The action was then reopened and Plaintiff was given an opportunity to file an amended complaint. (Doc. # 23.) Plaintiff filed an amended complaint,

---

[1] Refers to court's docket number.

which the court screened. (Docs. # 37, # 38.) The court allowed Plaintiff to proceed with certain colorable claims: (1) Count 1- procedural due process related to a disciplinary charge; (2) Count 2- Eighth Amendment excessive force and Eighth Amendment deliberate indifference to a serious medical need; (3) Count 3- First Amendment access to courts; (4) Count 4- Fourteenth Amendment procedural due process and conspiracy; (5) Count 6- First Amendment retaliation; (6) Count 7 – Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation; and (7) Count 8- First Amendment retaliation and conspiracy. (Doc. # 37.)

Defendants then filed a motion to dismiss. (Doc. # 101.) The court issued a report and recommendation that the motion be granted in part and denied in part (Doc. # 186), which was adopted by the district court (Doc. # 196). As such, the following claims remain: (1) Count 1- procedural due process related to a disciplinary charge; (2) Count 3- First Amendment access to courts; and (3) Count 7- Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation.

Plaintiff subsequently filed a motion seeking a preliminary injunction: (1) prohibiting the alleged falsification of records as to why he was in protective segregation; (2) moving him from segregated housing to general population; and (3) prohibiting a retaliatory transfer. (Doc. # 210.) The court concluded that none of these concerns relate to the allegations made in the remaining claims in this case. (Doc. # 256.) The court advised Plaintiff that he may not file an action in federal court and then use the action as a forum to air unrelated grievances. (*Id*.) Plaintiff was further advised he should first use the prison grievance system to address his concerns, and following the exhaustion of his administrative remedies, file a new action if he deems it

appropriate to do so. (*Id.*) The court also denied Plaintiff's request for an evidentiary hearing in connection with this motion. (*Id.*)

On August 30, 2013, Plaintiff filed a "Notice of Appeal in Part." (Doc. # 258.) He appeals to the United States Court of Appeals for the Ninth Circuit from the order (Doc. # 256) entered concerning his motion for injunctive relief (Doc. # 210) and motion for evidentiary hearing in support of his request for injunctive relief (Doc. # 211).

The Ninth Circuit referred this matter to the district court for the limited purpose of determining whether Plaintiff's in forma pauperis status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (Doc. # 263.)

On September 13, 2013, the undersigned issued a report and recommendation to United States District Judge Miranda M. Du that she should certify that Plaintiff's appeal is not taken in good faith so that his in forma pauperis status on appeal would be revoked. (Doc. # 267.) Specifically, the undersigned found:

> Plaintiff's appeal is frivolous and therefore not taken in good faith. The court advised Plaintiff multiple times in this litigation that he may not seek injunctive relief with respect to concerns that are unrelated to his pending claims.

(*Id.*)

Plaintiff filed an objection to the report and recommendation. (Doc. # 272.) District Judge Du conducted a de novo review of the report and recommendation, considered Plaintiff's objection, and adopted the report and recommendation on September 27, 2013. (Doc. # 274.)

In the instant motion, filed on October 2, 2013, Plaintiff expresses his apparent disagreement with this outcome and requests a stay of this order (Doc. # 274) so that his appeal can proceed and he can seek in forma pauperis status.

The court preliminarily considered Plaintiff's request to stay proceedings at a status conference conducted on October 8, 2013. (Doc. # 280.) The court noted that Mr. Ellis had appealed the denial of his motion for injunctive relief. (Doc. # 258.) However, the court advised Plaintiff that as it appeared to the court that his appeal involved issues which do not bear on the underlying substantive claims in this case (citing Judge Du's Order, Doc. # 256), the court saw no merit to delay discovery in this case. (Doc. #280 at 2.)

On October 24, 2013, the Ninth Circuit issued an order acknowledging the District Court's certification that Plaintiff's appeal is not taken in good faith and revoking Plaintiff's in forma pauperis status on appeal. (Doc. # 286.) In addition, the Ninth Circuit reviewed the record itself and confirmed that Plaintiff's appeal is frivolous and as such he is not entitled to in forma pauperis status on appeal. (*Id*.)

Accordingly, the court finds there is no basis to stay the court's order at Document Number 274 certifying that the appeal is taken in bad faith and revoking Plaintiff's in forma pauperis status on appeal.

Plaintiff also seeks an order staying discovery and the discovery deadlines that were set at a hearing conducted on August 9, 2013. (*See* Minutes at Doc. # 254.) Because the court, and now the Ninth Circuit, have expressly found Plaintiff's appeal is frivolous, the court finds there is no basis to stay any of the discovery deadlines set in this case.

Therefore, Plaintiff's motion (Doc. # 277) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  November 4, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**

4