1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**

7                    **DISTRICT OF NEVADA**

8

9    HOWARD ELLIS,                      )          3:08-cv-00657-MMD-WGC
                                        )
10              Plaintiff,              )              **ORDER**
                                        )
11        vs.                           )                 re:
                                        )    Motion for the Recusal or Disqualification
12   JAMES BENEDETTI, et al.,           )      of Judges Du and Cobb
                                        )           (Doc. # 292)
13              Defendants.             )
     _____)
14

15   **I.  Background**

16        Plaintiff, a pro se litigant and inmate in custody of the Nevada Department of Corrections

17   (NODC), filed this action pursuant to 42 U.S.C. § 1983. (Doc. #1.)[1] The court screened the original

18   complaint and dismissed the action with prejudice for failure to state a claim pursuant to 28 U.S.C.

19   § 1915(e)(2). (Doc. # 4.) Plaintiff appealed and the Ninth Circuit affirmed in part, reversed in part, and

20   remanded with instructions for the district court to consider whether leave to amend is appropriate. (Doc.

21   # 18.)

22        The action was then reopened and Plaintiff was given an opportunity to file an amended

23   complaint. (Doc. # 23.) Plaintiff filed an amended complaint, which the court screened. (Docs. # 37,

24   # 38.) The court allowed Plaintiff to proceed with certain colorable claims: (1) Count 1 – procedural due

25   process related to a disciplinary charge; (2) Count 2 – Eighth Amendment excessive force and Eighth

26   Amendment deliberate indifference to a serious medical need; (3) Count 3 – First Amendment access

27   to courts; (4) Count 4 – Fourteenth Amendment procedural due process and conspiracy; (5) Count 6 –

28

_____

        [1] Refers to court's docket number.

First Amendment retaliation; (6) Count 7 – Eighth Amendment excessive force and deliberate indifference and First Amendment retaliation; and (7) Count 8 – First Amendment retaliation and conspiracy. (Doc. # 37.)

Presently before the court is Plaintiff's motion wherein he seeks to disqualify or recuse District Judge Miranda M. Du and the undersigned, Magistrate Judge William G. Cobb. (Doc. # 292.)

**II.  Overview of Motion for Recusal or Disqualification (Doc. # 292)**

In this motion, Plaintiff requests District Judge Miranda M. Du and the undersigned, Magistrate Judge William G. Cobb, to "recuse themselves from this case."  Plaintiff's rationale for recusal is supposedly "due to questions of [illegible] impartiality, bias and personal knowledge of and involvement of disputed evidentiary facts." (Doc. # 292 at 1.)

Defendants have opposed Plaintiff's motion. (Doc. # 300.) Defendants contend Plaintiff has failed to demonstrate any legitimate basis for the recusal of either District Judge Due or Magistrate Judge Cobb. Defendants state that "...the gravamen of Plaintiff's motion is an effort to avoid the consequences of his own refusal to cooperate in discovery in this matter and his defiance of this court's orders." (*Id*, at 1, 2.)

Plaintiff replied. (Doc. # 302.) Plaintiff's argument is that he allegedly had not received certain orders. He also reiterates assertions of alleged bias of Judges Du and Cobb which he states are set forth in his affidavit supporting his motion for recusal. (*Id*.)

**A.  Allegations as to Magistrate Judge Cobb**

The major contention of Plaintiff's Affidavit supporting his motion to disqualify Magistrate Judge Cobb appears to center around the decision of the undersigned to deny Plaintiff's Request for Entry of Default (Doc. # 236) and Plaintiff's Motion for Default Judgment (Doc. # 245).  After Defendants opposed Plaintiff's motion for default (Doc. # 250), and after Plaintiff replied (Doc. # 251), the undersigned addressed Plaintiff's motions at a hearing on August 9, 2013. (Doc. # 254.) The minutes of the court reflect Plaintiff was advised of the court's rationale in denying the motion for default, as follows:

/ / /

/ / /

1

2
       **1.  Pending Motions**

3
      **A.  Request for Entry of Default (DKT. # 236) and Request for Entry of Default Judgment (Dkt. # 245)**

4
      Plaintiff contends that, because Defendants have untimely filed their

5
Answer (Dkt. #218) to the Amended complaint (Dkt. #38), and further, did not seek leave of this Court for an extension of time to file an answer,

6
the Court should grant Plaintiff's Request for Entry of Default (Dkt. # 236) and Request for Entry of Default Judgment (Dkt. # 245).

7
      Defendants argue that it has been their intention to defend in this case, which is demonstrated by the multiple filings in this matter. Therefore,

8
there is no basis to grant Plaintiff's two motions for entry of default.

9
      The Court agrees there was an inordinate delay from the time the Amended Minute Order was issued by Judge Reed (Dkt. #196) to the

10
time Defendants filed their Answer (Dkt. #218). However, the Court notes that, pursuant to Fed. R. Civ. P. 55, a party may request the Clerk

11
to enter default against a Defendant who has failed to plea or otherwise defend, but, the record clearly reflects the intent of the Defendants to

12
defend in this action. Furthermore, the Court explains it would rather dispose of a case based on the merits of the case and not on technicalities.

13
For these reasons, an entry of default is not appropriate. Plaintiff's Request for Entry of Default (Dkt. # 236) and Request for Entry of

14
Default Judgment (Dkt. #245) are **DENIED.**

15
(Doc. # 254.)

16
      As the court further attempted to explain to Mr. Ellis, defaults and default judgments are

17
disfavored since they are inconsistent with the federal court's preference for resolving disputes on the

18
merits.  *U.S. v. Signed Personal Check No. 730 of Youbran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir.

19
2010). In fact, had the court allowed a default to be entered, under the circumstances of this case, the

20
court likely would have been obligated to set it aside.  *U.S. v. Signed Personal Check No. 730 of*

21
*Youbran S. Mesle*, *supra*, at 1091, n.1.[2]

22
      Another of Plaintiff's complaints against Magistrate Judge Cobb is an assertion "the law library

23
refused to obey a court order in granting copywork Doc. # 37. . . Magistrate did nothing in the form of

24
sanctions." Affidavit, Doc. # 292 at 20, ¶ 22. The record reflects Plaintiff is mistaken.  His complaint

25
about the copywork extension was addressed by the court at the January 23, 2012, motion hearing, as

26
follows:

27

28
      [2] Plaintiff filed an objection to this order (and others) seeking review of Judge Cobb's decisions by Judge Du. (Doc. # 283.)

1

2

The Court hears argument with respect to the Motion to Extend Copywork (Doc. 108) and the Motion for Production of Transcripts at Government Expense (Doc. 122).

3

4

5

6

Plaintiff alleges that he has not been afforded additional copywork as previously ordered. Mr. Hoppe represents that he has contacted Inmate Accounting Services and discovered Plaintiff was not credited the $25.00 additional copywork, as ordered on April 15, 2011 (Doc. 37). Mr. Hoppe further advises the Court that this additional copywork has now been credited to Plaintiff's account. The Court expresses its appreciation for Mr. Hoppe's efforts in this regard.

7

8

9

**IT IS ORDERED** that Plaintiff's Motion to Extend Copywork (Doc. 108) is **GRANTED IN PART AND DENIED IN PART.** The court will not grant an unlimited extension of Plaintiff's copy allowance. However, Plaintiff's copy allowance shall be increased by an additional **$25.00** for the purpose of litigating this case.

10

(Doc. # 136.)[3]

11

**B.  Allegations as to District Judge Du**

12

Plaintiff's allegations of grounds for recusal of District Judge Du are obtuse at best.  As best as

13

the undersigned can ascertain, the only allegation of "misconduct" which the Plaintiff attributes to Judge

14

Du appears at pages 7 (*ll*. 6-12) and 11 (*ll*. 23-24) of his motion. (Doc. #292.) The first component is

15

Judge Du's rejection of Plaintiff's motion to alter or amend the judgment. (Doc. # 197.) In a

16

comprehensive and reasoned analysis, Judge Du determined Plaintiff's September 2012 motion to amend

17

a minute order entered by District Judge Reed (Doc. # 196) was in reality an attempt to amend the

18

court's April 2011 Screening Order (Doc. #37). The Plaintiff's motion related to the dismissal of

19

Count 6 of his amended complaint in the Screening Order. (Doc. # 256 at 4-6.) Judge Du concluded,

20

procedurally, that Plaintiff's motion was untimely, and substantively, no "extraordinary circumstances"

21

exist to justify the court's reconsideration of a Screening Order that had been in effect for two years. (*Id*.)

22

The only other complaint Plaintiff appears to make against District Judge Du is a dispute as to

23

24

25

26

27

28

---

[3] Plaintiff has also filed a "Petition for Writ of Prohibition" seeking to prohibit the undersigned "from taking further action in this case to prevent irreparable harm" (Doc. # 252 at 14). Although the "Petition" is not before this court nor addressed in this order, the court notes Plaintiff is objecting to this court's discovery orders granting Defendants' motion to compel. (Doc. # 237.) The history of Plaintiff's apparent failure (or refusal) to respond to legitimate discovery is discussed in this court's order of October 11, 2013. (Doc. # 282.) Plaintiff was provided one last opportunity to serve supplemental discovery responses with a deadline of November 22, 2013 to do so. (*id* at 2.) On December 4, 2013, Defendants filed a "Status Report Regarding Plaintiff's Responses to Discovery," advising the court Plaintiff has still failed to serve any responses to Defendants' written discovery. (Doc. # 298.) This court has entered an order to show cause why Plaintiff's case should not be dismissed for failing to obey this court's discovery orders. (Doc. # 303.)

4

nomenclature utilized by Judge Du. (Doc. # 292 at 11.) In that regard, Plaintiff states Judge Du referred to Plaintiff being moved from "segregated Housing" as opposed to "protective custody" or "administrative segregation." (*Id*.) Irrespective of how the Nevada Department of Corrections terms the various housing assignments, substantively Judge Du adopted the undersigned's Report and Recommendation which proposed Plaintiff's motion for a temporary restraining order regarding his housing assignment was improvidently filed. Judge Du agreed with the analysis of the undersigned that Plaintiff "must first use the prison grievance system and following exhaustion of administrative remedies, he may file a new action if he decides it is appropriate to do so." (Doc. # 256 at 7.) District Judge Du ruled Plaintiff was attempting to utilize his federal action "as a forum for airing unrelated grievances." (*Id.*, citing *Johnson v. Alvarez*, 2:11-cv-484, 2012 WL 398443 at *4 (D. Nev. Feb. 7, 2012).)

## III.   Analysis

28 U.S.C. 455(a) provides that any United States federal judge should recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned." The judge should also disqualify him or herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The judge to whom the recusal request is made should attempt to decide the impartiality issue him or herself without referral to a different judge. *In re United States*, 158 F.3d 26, 34 (1st Cir. 1988); *Schurz Commc'ns, Inc. v. FCC*, 982 F.3d 1057, 1059 (7th Cir. 1992). A district court has an affirmative duty not to disqualify itself unnecessarily. *Thorpe v. Zimmer, Inc.*, 590 F.Supp.2d 492 (S.D. NY 2008); Cohee v. McDade, 472 F.Supp.2d 1083, 1084 (S.D. Ill 2006).  Accordingly, the grounds in a motion for disqualification or recusal must be scrutinized with care. *Thorpe*, *supra*.

The standard for recusal is whether the Judge's impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)(citations omitted); *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991)(citations omitted). The grounds Plaintiff posits do not demonstrate actual bias nor do they rise to the level of a failure of impartial objectivity.

Recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997). The alleged prejudice must normally result from an

extra judicial source; a judge's prior adverse ruling is not sufficient cause for recusal. (*Id*.) It is a rare and extreme situation where a judge should be recused because of adverse rulings the judge made as to a party. *Liteky v. United States*, 510 U.S. 540, 556 (1994); *Stanley v. University of Southern California* 178 F.2d 1069 (9th Cir. 1999). *Liteky* instructs that

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. [ ] Second, opinions formed by the judge based on the facts introduced or events occurring in the course of the current proceeding, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky*, *supra*, at 556.

The decision of the Ninth Circuit Court of Appeals in *Taylor v. Regents of the University of California*, 992 F.2d 710 (1993), is also instructive:

> Taylor also contends that District Court Judge Smith should have recused herself. Taylor has filed a motion under 28 U.S.C. §§ 144 and 455 seeking Judge Smith's recusal. In his affidavit, Taylor asserted that a prior ruling by Judge Smith dismissing two defendants on Eleventh Amendment immunity grounds was error and that this error was the result of bias against him, or in favor of the defendants. [footnote omitted]
>
> "The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotations omitted). To warrant recusal, judicial bias must stem from an extrajudicial source. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991); *Studley*, 783 F.2d at 939. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Studley* 783 F.2d 939.
>
> Here, the essence of Taylor's allegation of judicial bias was that Judge Smith's prior ruling was adverse to him. Thus he has not shown judicial bias from an extrajudicial source. *See Pau*, 928 F.2d at 885; *Studley*, 783 F.2d at 939. Accordingly, Judge Smith did not abuse her discretion by declining to recuse herself.

992 F.2d at 712-713.[4]

Plaintiff has failed to demonstrate that either District Judge Du or Magistrate Judge Cobb has a personal bias or prejudice against Plaintiff. Rulings which have been entered which Plaintiff perceives

---

[4] Plaintiff Ellis' motion was just predicated on 28 U.S.C. § 455 (and on Local Rule 7-2(6)), and not on §144. However, this court's analysis would remain the same even had Plaintiff cited § 144.

as being adverse are insufficient grounds for disqualification. Nor has Plaintiff demonstrated any "personal knowledge of disputed evidentiary facts" (Doc. # 292 at 1) by either Judges Du or Cobb as alleged by Plaintiff.

Recusal would not be justified in this matter and in fact would be inappropriate for the court to do so.

**IV.  Conclusion**

Plaintiff's Motion For Recusal or Disqualification (Doc. # 292) is **<u>DENIED.</u>**

**IT IS SO ORDERED.**

**DATED:   December 27, 2013.**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE