1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| HOWARD ELLIS, | Case No. 3:08-cv-00657-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | (Plf's Petition for Writ of Prohibition – dkt. no. 252; Plf's Consolidated Objections to Magistrate Judge's Telephonic Proceedings and Order – dkt. no. 283; Plf's Objection to Magistrate Judge's Order Denying Motion for Recusal – dkt. no. 308; Plf's Objection to Magistrate Judge's Order Denying Emergency Motion – dkt. no. 309) |
| BENEDETTI, et al., | |
| Defendants. | |

I.      **SUMMARY**

The following are presently before the Court:  (1) Plaintiff's Petition for Writ of Prohibition (dkt. no. 252); (2) Plaintiff's Consolidated Objections to Magistrate Judge's Telephonic Proceedings and Order (dkt. no. 283); (3) Plaintiff's Objection to Magistrate Judge's Order Denying Motion for Recusal (dkt. no. 308); and (4) Plaintiff's Objection to Magistrate Judge's Order Denying Emergency Motion (dkt. no. 309).

For the reasons discussed below, the Petition for Writ of Prohibition is denied. All objections are overruled and denied.

II.     **BACKGROUND**

Plaintiff Howard Ellis is a pro se litigant proceeding *in forma pauperis*. He is an inmate in the custody of the Nevada Department of Corrections and has been at all relevant times. (*See* dkt. no. 38.) A brief summary of Plaintiff's remaining claims can be found in the Court's August 27, 2013, order. (Dkt. no. 256.)

A relevant procedural background is as follows. On April 3, 2013, Plaintiff filed a motion titled "Motion for Inability to Execute Meaningful Discovery Plan." (Dkt. no. 215.) In that motion, Plaintiff argued that he is unable to participate in the discovery process for various reasons including the conditions of his confinement and his inability to articulate his claims. Magistrate Judge William G. Cobb denied the motion, construing it as a motion for appointment of counsel. (Dkt. no. 224.) Defendants filed an Answer to the Amended Complaint on April 3, 2013. (Dkt. no. 218.) That same day, Judge Cobb signed and entered a scheduling order that set the close of discovery for July 2, 2013. (Dkt. no. 220.) In July, 2013, Plaintiff moved for entry of default (dkt. no. 236) and default judgment (dkt. no. 245) on grounds that Defendants' Answer was untimely. On July 17, 2013, Defendants filed a Motion to Compel Plaintiff to respond to outstanding written discovery requests. (Dkt. no. 237.)

On August 9, 2013, Judge Cobb held a motion hearing. (Dkt. no. 254.) At the hearing, Judge Cobb denied Plaintiff's request for entry of default (dkt. no. 236) and motion for default judgment (dkt. no. 245). As to Defendants' Motion to Compel (dkt. no. 237), Judge Cobb granted Plaintiff additional time to supplement his discovery responses, and set deadlines for: (1) Defendants to arrange for a conference with Plaintiff; (2) Plaintiff to respond to Defendants' discovery requests; (3) Defendants to supplement their Motion to Compel; and (4) Plaintiff to respond to any such supplement. (Dkt. no. 254.) Decision on the Motion to Compel was thus deferred.

Ten days after the hearing, Plaintiff filed the instant Petition for Writ of Prohibition. (Dkt. no. 252.) In it, Plaintiff takes issue with the Motion to Compel proceedings and asks the Court to prohibit Judge Cobb from "delaying the finality of the litigation based on animus and prejudice towards Plaintiff." (*Id.* at 2.) Defendants filed a response (dkt. no. 261) and Plaintiff did not file a reply.

On September 25, 2013, Defendants filed a supplemental brief to their Motion to Compel, which asserted that Plaintiff did not respond to written discovery requests and that Plaintiff failed to comply with Judge Cobb's orders. (Dkt. no. 271.) Plaintiff filed a

response in which he argued that "meaningful discovery is an unobtainable objective" in this case due to Plaintiff's prison conditions and interference from prison officials. (Dkt. no. 278.) Judge Cobb held a status conference on October 8, 2013, to address the Motion to Compel and, three days later, entered a written order that memorialized an extended deadline for Plaintiff's responses to the written discovery and set a deadline for a status report from Defendants. (Dkt. nos. 280, 282.) The written order stated that Plaintiff's failure to comply will result in a recommendation of dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) for failing to obey an order to provide discovery. (*Id.*)

On October 17, 2013, Plaintiff filed the instant objections to the August 9, 2013, motion hearing (dkt. no. 254), the October 8, 2013, status conference hearing (dkt. no. 280), and Judge Cobb's written order regarding Defendants' Motion to Compel (dkt. no. 282). These objections are consolidated in dkt. no. 283. Defendants filed a response (dkt. no. 287) and Plaintiff did not file a reply.

Plaintiff filed a Motion for Recusal on November 19, 2013 (dkt. no. 292), and it was denied by Judge Cobb (dkt. no. 305). Plaintiff filed the instant objection to Judge Cobb's order denying the Motion for Recusal. (Dkt. no. 308.) Defendants filed a response (dkt. no. 313) and Plaintiff did not file a reply.

On December 23, 2013, Judge Cobb entered an order to show cause as to why this case should not be dismissed for Plaintiff's failure to obey discovery orders. (Dkt. no. 303.) In response, Plaintiff filed an "Emergency Motion" that describes an issue with a medical grievance and also argues that compliance with discovery is not possible due to the conditions of his confinement. (Dkt. no. 306.) Judge Cobb construed the "Emergency Motion" as seeking the Court's help in securing copies of grievances from the NDOC and denied the motion. (Dkt. no. 307.) To the extent that the "Emergency Motion" was a response to the order to show cause, Judge Cobb found it was insufficient in explaining why Plaintiff has not filed a response and why this case should not be dismissed. (*Id.*) Plaintiff was again ordered to show cause as to why dismissal should not be recommended. (*Id.*) Plaintiff filed the instant objection to Judge Cobb's order denying the

1  Emergency Motion. (Dkt. no. 309.) Defendants filed a response (dkt. no. 312) and

2  Plaintiff did not file a reply.

3     The Court now addresses Plaintiff's Petition for Writ of Prohibition (dkt. no. 252)

4  and Plaintiff's various objections to Judge Cobb's orders (dkt. nos. 283, 308, 309).

5  **III.    PETITION FOR WRIT OF PROHIBITION**

6     **A.    Legal Standard**

7     In determining whether a writ of prohibition should issue, courts in the Ninth

8  Circuit consider the following factors: "(1) whether the party seeking the writ has no other

9  adequate means, such as direct appeal, to attain the desired relief; (2) whether the

10  petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3)

11  whether the district court's order is clearly erroneous as a matter of law; (4) whether the

12  district court's order is an oft-repeated error or manifests a persistent disregard for the

13  federal rules; and (5) whether the district court's order raises new and important

14  problems or issues of law of first impression." *In re Ariz.*, 528 F.3d 652, 655 (9th Cir.

15  2008) (citation omitted). "The absence of clear error may itself dispose of [a] petition."

16  *McDaniel v. U.S. Dist. Court for the Dist. of Nev.*, 127 F.3d 886, 888 (9th Cir. 1997)

17  (*citing Exec. Software of North Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1551 (9th Cir.

18  1994)). "The remedy of mandamus is a drastic one, to be involved only in extraordinary

19  situations." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977) (citations

20  omitted).

21     **B.    Analysis**

22     Plaintiff's petition is denied because he has failed to show that Judge Cobb's

23  order during the August 9, 2013, motion hearing (dkt. no. 254) is clearly erroneous as a

24  matter of law. "A finding is clearly erroneous when although there is evidence to support

25  it, the reviewing body on the entire evidence is left with the definite and firm conviction

26  that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th

27  Cir. 2010) (quotation omitted). The order "is afforded broad discretion, which will be

28  overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.

4

1  Cal. 2007). The Court "may not simply substitute its judgment for that of the deciding
2  court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

3       Plaintiff argues that it was clear error for Judge Cobb to order any additional
4  action be taken with regard to Defendants' Motion to Compel because Defendants failed
5  to comply with LR 26-7(b). (Dkt. no. 252 at 9–10.) The Court finds that Judge Cobb did
6  not commit clear error.

7       LR 26-7(b) states that "[d]iscovery motions will not be considered unless a
8  statement of the movant is attached thereto certifying that, after personal consultation
9  and sincere effort to do so, the parties have been unable to resolve the matter without
10  Court action." In his order, Judge Cobb recognized that "Defendants did not comply with
11  LR 26-7" and ordered Defendants to arrange a conference with Plaintiff to discuss
12  discovery. (Dkt. no. 254 at 2-3.) Judge Cobb also granted an extension of time for
13  Plaintiff to respond to written discovery requests and set a status conference. (*Id.* at 3.)

14       District courts have broad discretion in "interpreting and applying their local rules."
15  *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (1983) (citation omitted). District
16  courts also have broad discretion to manage discovery. *See, e.g., Hunt v. Cnty. of
17  Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Judge Cobb acknowledged that Defendants
18  did not comply with LR 26-7 but determined, reasonably, that the best course of action
19  was to grant an extension of time for Plaintiff and allow both parties to confer. Such a
20  decision was entirely within the bounds of Judge Cobb's discretion and the Court cannot
21  therefore conclude that a mistake has been committed.

22       As Plaintiff has failed to establish clear error, the Court cannot find that
23  "extraordinary situations" are present that would warrant the drastic remedy of a writ of
24  prohibition. *See Bauman*, 557 F.2d at 654. Plaintiff's Petition for Writ of Prohibition (dkt.
25  no. 252) is therefore denied.

26  ///
27  ///
28  ///

IV.   CONSOLIDATED OBJECTIONS TO MAGISTRATE JUDGE'S TELEPHONIC PROCEEDINGS AND ORDER

A.   Legal Standard

Under LR IB 3-1, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court may reconsider a Magistrate Judge's pre-trial order where the order is timely objected to and clearly erroneous or contrary to law.

This standard of review is significantly deferential to the initial ruling. As previously mentioned, "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ressam*, 593 F.3d at 1118. The order "is afforded broad discretion, which will be overruled only if abused." *Bunnell*, 245 F.R.D. at 446. The Court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

As previously mentioned, district courts have broad discretion to manage discovery. *Hunt*, 672 F.3d at 616.

B.   Analysis

Plaintiff's consolidated objections (dkt. no. 283) include objections to the August 9, 2013, motion hearing (dkt. no. 254), and the October 8, 203, status conference hearing and written order regarding Defendants' motion to Compel (dkt. nos. 280, 282).

1.   The August 9, 2013, Motion Hearing

Plaintiff's objection to the August 9, 2013, motion hearing is not timely. An objection to a Magistrate Judge's order must be brought within fourteen (14) days. *See* LR IB 3-1; Fed. R. Civ. P. 72(a). Pursuant to Fed. R. Civ. P. 6(d), Plaintiff is entitled to three (3) extra days to allow time for service. Plaintiff asserts that he did not receive service of the minutes of the August 9, 2013, proceedings until August 28, 2013. (Dkt. no. 283 at 2.) However, Plaintiff signed his objection on October 15, 2013 and filed it on

October 17, 2013. (*Id.* at 23.) That is a period of over six (6) weeks between the date Plaintiff was served and the dates Plaintiff's objection was signed and filed. While the Court recognizes that Plaintiff has previously raised issues of prison conditions that make it difficult for Plaintiff to meet deadlines, his objection provides no explanation for being late, he did not file a reply and he has not moved for an extension of time as to this objection. Further, Plaintiff is aware of the untimeliness of his objection. The Court previously informed Plaintiff of the time period for filing objections to Magistrate Judge orders and dismissed one of Plaintiff's objections for being filed late. (*See* dkt. no. 256 at 6.) Plaintiff must follow the deadlines set by the applicable procedural rules or provide a reason for the delay in the relevant filings or in a motion to extend time. As Plaintiff's objection to the August 9, 2013, motion hearing is not timely, the Court will not reconsider Judge Cobb's orders entered at that hearing.

### 2. The August 8, 2013, Status Conference and Order

Plaintiff's objections to the August 8, 2013, status conference and Judge Cobb's related written order (dkt. nos. 280, 282) are timely and the Court will therefore reconsider Judge Cobb's orders if they are clearly erroneous or contrary to law.

First, Plaintiff asserts that Judge Cobb read a list of remaining Defendants in this case that omitted Defendant Shannon Moyle and, after asking Defendants' counsel whether she noticed any omissions, Defendants' counsel replied that she did not. (Dkt. no. 283 at 13.) Indeed Defendant Moyle was omitted but when Judge Cobb asked Plaintiff whether there were any omissions and Plaintiff mentioned Defendant Moyle, Judge Cobb stated that he inadvertently left her off the list, noted the correction and thanked Plaintiff for bringing the omission to the Court's attention. (Dkt. no. 281 at 5:23-7:8.) The Court finds that the omission was not related to the substance of the Motion to Compel and it was corrected by Judge Cobb. Judge Cobb's initial omission and subsequent correction was therefore neither clear error nor contrary to law.

Second, Plaintiff points out that the initials of the district court judge in the case number in Defendants' written discovery requests are incorrect. (Dkt. no. 283 at 13.)

1    That is, the case number is correct with the exception of the initials of Judge Edward C.

2    Reed, which appear in the case number though he was no longer assigned to this case

3    as of May 30, 2013, when the requests were made. Indeed, Judge Reed has not

4    presided over this case since May 1, 2012, when it was assigned to Judge Larry R.

5    Hicks. (Dkt. no. 201.) Judge Hicks recused himself, and this case was subsequently

6    assigned to Judge Miranda M. Du on December 5, 2012. (Dkt. nos. 208, 209.) The

7    district judge initials on the case number on Defendants' written discovery requests (dkt.

8    no. 237, Ex. A, Ex. B, Ex. C, Ex. D) are thus incorrect. Plaintiff argues that, because of

9    the incorrect initials, the Court has no subject matter jurisdiction or personal jurisdiction

10   over Defendants' written discovery requests. (Dkt. no. 283 at 13–14.) The Court

11   disagrees. At this stage, the Court is satisfied of its jurisdiction over this case and the

12   Defendants. An error in the initials of the presiding judge in Defendants' written discovery

13   requests does not affect the Court's jurisdiction. Further, as Plaintiff notes, the apparent

14   error was never brought to Judge Cobb's attention. (*Id.* at 14.) Therefore, based on the

15   arguments put forth by Plaintiff, the Court cannot conclude that Judge Cobb's order

16   regarding the Motion to Compel was clearly erroneous or contrary to law due to the fact

17   that the district court judge's initials in the case number in Defendants' written discovery

18   requests were incorrect.

19        Third, Plaintiff objects to the fact that each individual Defendant did not serve him

20   with written discovery requests. (*Id.* at 15.) No such action is required under relevant

21   procedural rules or controlling authority. Defendants are all represented by the same

22   Deputy Attorney General. (*See* dkt. no. 237, Ex. A, Ex. B, Ex. C, Ex. D.) Judge Cobb's

23   order was not clearly erroneous or contrary to law merely because Defendants did not

24   each serve separate written discovery requests.

25        Fourth, Plaintiff objects to Defendants' service of initial disclosures, as they were

26   not required. (Dkt. no. 283 at 16.) Even accepting Plaintiff's contention as true, the Court

27   cannot conclude that Defendants' actions put Plaintiff in any less favorable position or

28   ///

1    that service of these initial disclosures somehow affects the correctness or lawfulness of

2    the August 8, 2013, status conference.

3         Fifth, Plaintiff objects to Judge Cobb's order denying Plaintiff's "Motion for Inability

4    to Execute Meaningful Discovery Plan." (Dkt. no. 224.) That order is not properly before

5    the Court for review and Plaintiff's objection is, in any case, not timely at this stage as

6    that order was entered on June 10, 2013, approximately four (4) months before Plaintiff

7    filed the consolidated objections.

8         Sixth, Plaintiff objects to the fact that the minutes of the August 8, 2013, status

9    conference do not reflect that Plaintiff filed an opposition to the Motion to Compel. (Dkt.

10   no. 283 at 19.) Judge Cobb's written order as to the Motion to Compel does recognize

11   Plaintiff's opposition. (Dkt. no. 282 at 1.)

12        Seventh, Plaintiff objects to the fact that Judge Cobb was "inconsiderate" of his

13   appeal to the Ninth Circuit of the Court's order denying his motion for preliminary

14   injunction. (Dkt. no. 283 at 22.) Plaintiff raised his Ninth Circuit appeal in a Motion to Stay

15   (dkt. no. 277) and to the Court at the August 8, 2013, status conference. At the status

16   conference, Judge Cobb considered Plaintiff's arguments but determined that the

17   subject of the appeal was not related to the substance of this case and that further delay

18   in discovery was therefore not necessary. (Dkt. no. 281 at 25:8-18.) The Motion to Stay

19   was subsequently denied. (Dkt. no. 277.) The Court finds that Judge Cobb was not

20   inconsiderate of Plaintiff's appeal and made a reasoned determination that discovery

21   should not be further delayed.

22        Finally, Plaintiff objects to Judge Cobb's written order regarding the Motion to

23   Compel as "redundant." (Dkt. no. 283 at 23.) This objection is without merit. While Judge

24   Cobb may have made a decision to grant the Motion to Compel at the August 8, 2013,

25   status conference, the written order sets out Judge Cobb's reasoning, and memorializes

26   his order in a document signed by Judge Cobb.

27   ///

28   ///

After careful review of the record and Plaintiff's objections, the Court determines that it will not reconsider the August 8, 2013, status conference and Judge Cobb's related written order as it is neither clearly erroneous nor contrary to law.

## V.   OBJECTION TO MAGISTRATE JUDGE'S ORDERS REGARDING PLAINITFF'S MOTION FOR RECUSAL

### A.   Legal Standard

Under LR IB 3-1, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court may reconsider a Magistrate Judge's pre-trial order where the order is timely objected to and clearly erroneous or contrary to law. As previously noted, this is a significantly deferential standard of review. (*See* discussion *supra* Part IV(A).)

Recusal of a district court judge is governed by 28 U.S.C. § 455. The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Further, the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.*

### B.   Analysis

Plaintiff fails to demonstrate that Judge Cobb's order denying his Motion for Recusal is clearly erroneous or contrary to law. Plaintiff's objections focus on Judge Cobb's order at the August 9, 2013, motion hearing denying Plaintiff's request for default and default judgment. (Dkt. no. 308 at 2-3.) Plaintiff's objections, in effect, ask the Court to review Judge Cobb's August 9, 2013, ruling and find it clearly erroneous or contrary to law. (See *id.*) As previously mentioned, the Court will not review Judge Cobb's order denying Plaintiff's request for default and default judgment because Plaintiff did not file a timely objection. (*See* discussion *supra* Part IV(B)(1).) Plaintiff also raises issues with other rulings but a Motion for Recusal is not a proper vehicle for the Court to reconsider past adverse rulings. Judge Cobb analyzed the relevant authority on situations in which

///

1   adverse rulings can form the basis for recusal, and concluded that recusal would not be

2   justified in this case. (Dkt. no. 35 at 5-7.)

3       As Plaintiff has not demonstrated that Judge Cobb's order denying his Motion for

4   Recusal was clearly erroneous or contrary to law, the Court need not reconsider Judge

5   Cobb's order. However, the Court will conduct a *de novo* review of Plaintiff's allegations

6   as to the undersigned. Upon review of the record, Plaintiff's Motion for Recusal and

7   reply, Judge Cobb's order and Plaintiff's objection, the Court finds that its recusal is not

8   appropriate in this case. Plaintiff has not demonstrated, nor can he demonstrate, that the

9   undersigned has a personal bias or prejudice against Plaintiff.

## VI.   OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING EMERGENCY MOTION

### A.   Legal Standard

13      Under LR IB 3-1, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court

14  may reconsider a Magistrate Judge's pre-trial order where the order is timely objected to

15  and clearly erroneous or contrary to law. As previously noted, this is a significantly

16  deferential standard of review. (*See* discussion *supra* Part IV(A).)

### B.   Analysis

18      As Plaintiff characterizes it in his objection, his Emergency Motion asserts:   (1)

19  that "prison officials attempted to have Plaintiff sign an emergency grievance without first

20  providing medical treatment"; (2) that Plaintiff "began experiencing shocks" after a doctor

21  took him off his medication; and (3) that prison officials failed to keep a medical

22  appointment. (Dkt. no. 809 at 2.) Plaintiff states that his Emergency Motion requests

23  discovery of an emergency grievance from December 20, 2013. (*Id.*)

24      Judge Cobb denied the Emergency Motion because he could not "ascertain the

25  nature of the emergency relief sought[.]" (Dkt. no. 309 at 1.) Even after reading Plaintiff's

26  objection and reviewing the record, the Court struggles to understand the nature of the

27  emergency relief sought. It appears as though Plaintiff suffered a medical emergency in

28  November of 2013, filed an emergency grievance alleging that prison officials failed to

1    keep a medical appointment, and now seeks discovery of that grievance. (Dkt. no. 306 at

2    2–3, 8.) The Court does not understand why this matter requires emergency relief in this

3    case. Plaintiff's objection states that the requested grievance relates to Count VII of the

4    Amended Complaint. (Dkt. no. 309 at 2.) Count VII, filed long before November, 2013,

5    alleges that Plaintiff was denied medical attention after a separate, previous incident that

6    appears to be completely unrelated to the events described in the Emergency Motion.

7    As the Court noted in its August 27, 2013, order, "'Plaintiff may not file a complaint in

8    federal court and then use the action as a forum for airing unrelated grievances

9    concerning his incarceration.'" (Dkt. no. 256 at 7 (*quoting Johnson v. Alvarez*, 2:11-cv-

10   484, 2012 WL 398443, at *4 (D. Nev. Feb. 7, 2012).) Plaintiff may not seek emergency

11   relief from the Court in every instance in which he has a grievance related to medical

12   treatment. Plaintiff must go through the administrative process and can then file a

13   separate action, if he so chooses.

14        Even assuming that the connection to this case is clear, the Court sees no reason

15   for Plaintiff's request to be resolved on an *emergency* basis. It is "within the sole

16   discretion of the Court to determine whether any such matter is, in fact, an emergency."

17   LR 7-5(d)(3). Judge Cobb did not commit clear error or act contrary to law in determining

18   that, based on the facts in Plaintiff's Emergency Motion, there is no emergency that

19   requires expedited relief.[1]

20   **VII.    CONCLUSION**

21        The Court notes that the parties made several arguments and cited to several

22   cases not discussed above.  The Court has reviewed these arguments and cases and

23   ///

24

25        [1]As previously noted, Judge Cobb also found that, to the extent that the
26   Emergency Motion was a response to the order to show cause, it is insufficient. (Dkt. no.
     307 at 2.) Judge Cobb informed Plaintiff that he still had to show cause as to why this
27   case should not be dismissed. (*Id.*) As that matter has not yet been resolved, and as
     Judge Cobb has not recommended dismissal, that portion of Judge Cobb's order is not
28   properly before the Court for review.

1  determines that they do not warrant discussion or reconsideration as they do not affect

2  the outcome of the Order.

3       It is therefore ordered that Plaintiff's Petition for Writ of Prohibition (dkt. no. 252) is

4  denied.

5       It is further ordered that Plaintiff's Consolidated Objections to Magistrate Judge's

6  Telephonic Proceedings and Order (dkt. no. 283) are overruled and denied.

7       It is further ordered that Plaintiff's Objection to Magistrate Judge's Order Denying

8  Motion for Recusal (dkt. no. 308) is overruled and denied.

9       It is further ordered that Plaintiff's Objection to Magistrate Judge's Order Denying

10  Emergency Motion (dkt. no. 309) is overruled and denied.

11       DATED THIS 28th day of March 2014.

12

13

14                                   MIRANDA M. DU
                                     UNITED STATES DISTRICT JUDGE