# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ELLIS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES BENEDETTI, et. al.,<br><br>　　　　　　　　　Defendants. | 3:08-cv-00657-MMD-WGC<br><br>**ORDER** |

　　　　Before the court is Defendants' Motion to Strike Plaintiff's Motion to Enlarge Record on Appeal. (Doc. # 310.)[1]

　　　　On December 26, 2013, Plaintiff filed a document he titled "Motion to Enlarge Record on Appeal." (Doc. # 304.) The document was captioned for the Supreme Court of the United States. The document sought relief from the United States Supreme Court, not the district court. Defendants move to strike the document arguing that it is not based on any established rule or law and is not proper for consideration by this court. (Doc. # 310.)

　　　　Defendants are correct that Plaintiff's motion does not seek relief which may be granted by this court and is captioned as a document seeking relief from the United States Supreme Court. While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*,

---

[1] Refers to court's docket number.

1  627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862
2  F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is
3  indispensable to the court's ability to enforce its orders, manage its docket, and regulate
4  insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010
5  WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

6  Accordingly, Defendants' motion (Doc. # 310) is **GRANTED** and the **Clerk shall**
7  **STRIKE** Plaintiff's filing (Doc. # 304) from the docket.
8  **IT IS SO ORDERED**.

11 DATED: April 24, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE