UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ELLIS,<br><br>         Plaintiff,<br><br> v.<br><br>JAMES BENEDETTI, et. al.,<br><br>         Defendants. | 3:08-cv-00657-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. The court granted a motion to compel filed by Defendants whereby Plaintiff was ordered to serve supplemental responses to Defendants' written discovery. Plaintiff emphatically refused to do so and the court issued an order to show cause re: dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). After a thorough review, the court recommends that Plaintiff's action be dismissed.

## I. BACKGROUND

   At all relevant times, Plaintiff Howard Ellis was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 38 at 1.)[1] Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The remaining defendants are: James Benedetti, Tony Corda, Jeremy Jackson, Peter Ladner, Shannon Moyle, Roy Plumlee, and Rex Reed. (*See* Doc. # 38; Screening Order, Doc. # 37; Report & Rec. re Defs.' Mtn. to Dismiss, Doc. # 186 and Order adopting, Doc. # 196.)

   Plaintiff's remaining claims are: (1) Count I, a procedural due process claim against

---

[1] Refers to court's docket number.

defendant Plumlee related to a disciplinary charge where Plaintiff asserts he was unable to call a witness and was denied inmate substitute counsel; (2) Count III, a First Amendment access to courts claim against defendants Corda, Benedetti and Reed, regarding Plaintiff's ability to access law library materials while he was housed at Warm Springs Correctional Center which led to the dismissal of a petition for writ of habeas corpus; (3) Count VII, Eighth Amendment excessive force and deliberate indifference to a serious medical need where Plaintiff alleges that defendant Jackson grabbed and slammed him against a wall and he was subsequently denied medical attention, and that defendant Ladner witnessed the incident and failed to intervene. (*See* Docs. # 37, # 38, # 186, # 196.)

On December 23, 2013, the undersigned issued an order to show cause re: dismissal concerning Plaintiff's continued failure to follow the court's orders regarding responding to discovery propounded by Defendants. (Doc. # 303.)

The following facts form the basis for the issuance of the order to show cause and this Report and Recommendation: Plaintiff's amended complaint was filed and screened on April 15, 2011. (Docs. # 37, # 38.) Defendants filed their answer on April 3, 2013. (Doc. # 218.) The court issued a scheduling order on the same date, setting the close of discovery for July 2, 2013, and the deadline for filing discovery motions was July 17, 2013. (Doc. # 220.)

Defendants served Plaintiff with written discovery on May 30, 2013, including interrogatories by defendants Benedetti and Corda, requests for admissions by defendant Plumlee, and requests for the production of documents by defendant Benedetti. (*See* Doc. # 237 at 2:9-13, Exs. A-D at Doc. # 237-1.) Instead of responding to each discovery request, or even asserting specific objections to each request, Plaintiff served a "consolidated objection" to the entirety of the discovery. (Doc. # 237 at 2:15-18, Ex. E at Doc. # 237-2.) Defendants sent Plaintiff a letter in an effort to meet and confer regarding the "consolidated objection" and offered Plaintiff a thirty-day extension of time to respond to the discovery. (Doc. # 237 at 18-24, Ex. F at Doc. # 237-3.)

Plaintiff did not respond, and Defendants filed a motion to compel responses to the discovery. (Doc. # 237.) Plaintiff filed a response (Doc. # 241), and after being granted an

1   extension (Doc. # 244), Defendants filed their reply (Doc. # 248). The court held a hearing
2   regarding this and other pending motions on August 9, 2013. (Doc. # 254.)

3         At the hearing, Plaintiff argued that he did respond to the discovery (through his
4   "consolidated objection") and that Defendants did not engage in a *personal* consultation before
5   filing their motion as is required under Local Rule 26-7. (Doc. # 254 at 2.) The court recognized
6   that Defendants did not satisfy the *personal* meet and confer requirement of Local Rule 26-7;
7   however, the court advised Plaintiff that his "consolidated objection" nevertheless appeared to be
8   deficient. (*Id*. at 2-3.) The court directed the parties to engage in a meet and confer conference to
9   discuss Plaintiff's objections and concerns with the discovery, and directed Plaintiff to thereafter
10  supplement his responses. (*Id*. at 3.)

11        On September 25, 2013, Defendants filed a supplement to their motion to compel, as the
12  court had directed at the August 9, 2013 hearing. (Doc. # 271.) They reported that they attempted
13  to confer with Plaintiff regarding the outstanding discovery on August 21, 2013, but Plaintiff
14  refused to address the issue. (*Id*. at 2.) Nor did he serve supplemental responses as the court had
15  directed. (*Id.*) As a result, Defendants requested dismissal of the action. (*Id*. at 3-7.)

16        The court held another hearing on Defendants' motion to compel on October 8, 2013.
17  (Doc. # 280.) Plaintiff unequivocally advised the court that he would not respond to the
18  discovery. (Doc. # 280 at 3.) The court indicated that it would be granting Defendants' motion to
19  compel and ordering Plaintiff to serve responses to the discovery served by Defendants. (*Id.* at
20  2.) The court further cautioned Plaintiff that his refusal to respond to the discovery could result
21  in the dismissal of his action. (*Id.* at 3.)

22        On October 11, 2013, the court issued a formal order granting Defendants' motion to
23  compel. (Doc. # 282.) The court noted that the discovery propounded by Defendants was
24  straightforward, and for the most part asked Plaintiff to provide the factual bases, witnesses and
25  documents that supported his allegations. (*Id*. at 2.) Plaintiff was ordered to serve complete
26  responses to Defendants' discovery on or before November 22, 2013. (*Id*. at 3.) He was once
27  again cautioned that a failure to comply with the order would result in a recommendation for
28  dismissal of his action under Federal Rule of Civil Procedure 37(b)(2). (*Id*.)

1  On December 4, 2013, Defendants filed a notice that Plaintiff had still not served complete responses to their discovery. (Doc. # 298.) Defendants once again requested dismissal of the action in light of Plaintiff's defiance of the court's order and unwillingness to meet his discovery obligations. (*Id.*)

This led to the court's issuance of the order to show cause re: dismissal on December 23, 2013. (Doc. # 303.) The court gave Plaintiff up to and including January 13, 2014, to file a statement addressing why his case should not be dismissed for failure to obey the court's discovery orders. (*Id.*) The court advised Plaintiff that upon receipt of his statement, it would issue a report and recommendation to United States District Court Judge Miranda M. Du. (*Id.*)

On December 30, 2013, Plaintiff filed a document titled: "'Emergency Motion' Statement to Order to Show Cause Re: Dismissal." (Doc. # 306.) The document addresses issues that, for the most part, are immaterial to the order to show cause. Interspersed in the document, however, are several statements germane to this Report and Recommendation. First, Plaintiff includes his previously-asserted argument that Defendants failed to make a personal consultation to resolve the discovery dispute in this case. (Doc. # 306 at 4, 6.)  Second, Plaintiff appears to argue that he did not have time to prepare a response to the order to show cause. (*Id.* at 6.) Third, Plaintiff contends, as he did at the initial hearing on this dispute, that he did respond to the discovery because he asserted an objection. (*Id.* at 7.) Finally, Plaintiff states that he could not "execute" discovery because of his removal from administrative segregation. (*Id.* at 9.)

## II. LEGAL STANDARD

> If a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders. They may include the following:
> 
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> ...

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

- 4 -

Here, Defendants have requested the entry of the sanction of dismissal as a result of Plaintiff's failure to provide complete responses to their discovery in compliance with the court's order granting their motion to compel.

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault" justify terminating sanctions." *Id.* (quoting *Jorgenson v. Cassiday*, 320 F3.d 906, 912 (9th Cir. 2003)). The Ninth Circuit has devised a five-part test to determine whether terminating sanctions under Rule 327(b)(2) are just. *Id*. The court must look at: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (internal quotation marks and citation omitted). In addition, there are three sub-parts to the fifth factor: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

"'The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.'" *Id*. (quoting *Valley Eng'rs,* 158 F.3d at 1057). "'What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case.'" *Id*. at 1097 (quoting *Valley Eng'rs,* 158 F.3d at 1057).

### III. DISCUSSION

It is undisputed that Plaintiff responded to Defendants' written discovery with a single "consolidated objection." The court reviewed the subject discovery and the "consolidated objection," and determined the objection to be inadequate. Nevertheless, the court directed the parties to engage in a personal consultation in an effort to resolve the discovery dispute, and that Plaintiff should thereafter serve supplemental responses to Defendants' discovery. The court

deferred ruling on Defendants' motion until these steps had occurred.

Defendants did attempt to engage in a personal consultation with Plaintiff, but he refused to address the issue. The court then held a second hearing to address Defendants' motion where Plaintiff made it abundantly clear that he was refusing to provide supplemental responses. As a result, the court granted Defendants' motion to compel and ordered Plaintiff to serve supplemental responses, cautioning him that a failure to do so could result in dismissal of his action. Plaintiff once again defied the court's order, resulting in the issuance of an order to show cause re: dismissal where Plaintiff was allowed to present a statement explaining why his case should not be dismissed for failure to comply with the court's discovery order. Plaintiff was warned again of the possibility of his action being dismissed. For the reasons described below, the court recommends dismissal of this action because Plaintiff's defiance of the court's order was willful and four out of the five factors analyzed in connection with a request for terminating sanctions weigh in favor of dismissal.

**1. The public's interest in expeditious resolution of litigation**

The first factor, the public's interest in expeditious resolution of litigation, weighs in favor of dismissal. Plaintiff responded to Defendants' written discovery with a single "consolidated objection." Plaintiff did not attempt to meet and confer with Defendants about what he found objectionable about the discovery. Nor did he provide substantive responses to *any* of the written discovery, which was straightforward and tried to ascertain the factual bases of Plaintiff's complaint. This caused Defendants to initiate the meet and confer process, followed by the filing of a motion to compel by the Defendants. Several hearings were conducted on this issue. In each of those hearings, Plaintiff plainly represented he was refusing to respond to Defendants' written discovery. When Plaintiff complained of a lack of personal consultation to meet and confer, the court directed the Defendants' to conduct a personal consultation; however, this was only met with Plaintiff's unwarranted refusal to discuss the issue.

This ultimately resulted in the court granting Defendants' motion to compel, and ordering him to provide supplemental responses. Once again, responses were not forthcoming, which necessitated the issuance of the order to show cause, the evaluation of his response which is

largely irrelevant to the issue at hand, and the preparation of this Report and Recommendation.

It is indisputable that Plaintiff's demonstrated conduct is at the opposite end of what could reasonably be considered the expeditious resolution of litigation.

### 2. The court's need to manage its dockets

The second factor, the court's need to manage its dockets, also weighs in favor of terminating sanctions. It is readily apparent from the recitation of the events that have led to this Report and Recommendation from the time the discovery was served in May 30, 2013, until the present, that Plaintiff's conduct has required the court to spend an extensive amount of time on this single discovery dispute, and has taken the court away from other matters.

### 3. The risk of prejudice to the party seeking sanctions

"The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" *Conn. Gen. Life. Ins. Co.*, 482 F.3d at 1097 (quoting *Valley Eng'rs*, 158 F.3d at 1058). Plaintiff has skirted his discovery obligations in this case, plainly refusing to provide basic information substantiating his claims. His actions will blatantly prejudice the Defendants in preparing their defense in this case. Accordingly, this factor weighs in favor of dismissal of this action.

### 4. The public policy favoring disposition of cases on their merits

The court acknowledges that the public policy favoring disposition of cases on their merits weighs against the entry of terminating sanctions. This factor alone, however, "is not sufficient to outweigh the other four factors." *Leon v. IDX Sys. Corp.*, 464 F.3d 959, 961 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n. 2 (9th Cir. 1997)).

### 5. The availability of less drastic sanctions

In analyzing this factor, the court must address whether it has considered lesser sanctions, whether it tried them and whether it warned Plaintiff about the possibility of case-dispositive sanctions. *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (citation omitted).

Here, the court considered the imposition of less drastic sanctions, but in the face of Plaintiff's recalcitrant conduct the court ultimately determined that they would be entirely

ineffective. Plaintiff's outright and unabashed refusal to provide supplemental responses to Defendants' straightforward discovery which attempted to glean the factual bases for his allegations operates as a road-block in proceeding toward a resolution of this case.

The court gave Plaintiff several opportunities to comply with its order and to provide supplemental responses; yet Plaintiff continued to thwart his discovery obligations and defy the court's order. The court specifically warned Plaintiff on several occasions that his failure to comply with the court's order may result in the dismissal of his action. Plaintiff persisted in his refusal to provide supplemental responses and has given the court no reason to believe he would comply in the future, or that implementing lesser sanctions would be of any benefit. Under such circumstances, the imposition of less drastic sanctions would be futile.

In sum, all but one of the factors weighs in favor of dismissal of this action. Since this one factor cannot outweigh the other four, *Leon*, 464 F.3d at 961 (citation omitted), the ultimate sanction of dismissal is appropriate in this case.

In addition, Plaintiff's conduct demonstrates that his disregard for the court's order was willful. *See Jorgenson,* 320 F.3d at 912 ("[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness."). Plaintiff's outright refusal, on several occasions, to provide complete substantive responses to Defendants' discovery leads the court to conclude that Defendants would never have access to the true facts supporting Plaintiff's case. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097. Before making the ultimate determination on whether to recommend dismissal, the court will address the arguments asserted in Plaintiff's responsive statement.

**6. Plaintiff's Arguments**

First, Plaintiff argues that Defendants failed to engage in a personal effort to meet and confer to resolve the dispute in violation of Local Rule 26-7(b). Plaintiff is correct that Defendants did not initially personally meet with Plaintiff at the prison in advance of filing their motion. They did, however, send Plaintiff a letter attempting to resolve this dispute, and received no response from Plaintiff.

When Plaintiff raised this argument at the initial hearing on the motion to compel, the

1  court acknowledged that there had not been a *personal* consultation, but advised Plaintiff that his
2  "consolidated objection" was deficient. (Doc. # 254 at 2-3.) Nevertheless, the court directed
3  Defendants to schedule a personal conference with Plaintiff to discuss his objections and
4  concerns regarding the discovery, and to thereafter supplement his responses. (*Id.* at 3.) The
5  court deferred ruling on Defendants' motion to compel until after the meet and confer session had
6  occurred and Plaintiff had a chance to supplement his responses. (*Id.*) Defendants did in fact
7  engage in a personal conference with Plaintiff to address the discovery, but Plaintiff refused to
8  address the issue. (*See* Doc. # 271 at 2.) The court held another hearing on the matter on
9  October 8, 2013, and at that time it was apparent Plaintiff was persisting in his refusal to provide
10 supplemental discovery responses. (Doc. # 255.)

11        As such, Defendants did attempt to meet and confer personally with Plaintiff, but it was
12 Plaintiff who refused to address the issue. While the personal consultation did not take place
13 until after the motion was filed, it occurred before the court finally addressed the motion to
14 compel. Under these circumstances, the court finds that Defendants did engage in a personal
15 consultation with Plaintiff sufficient to satisfy the intent behind Local Rule 26-7. This finding is
16 consistent with the practice of other judges within this district, who have not required *personal*
17 consultation in cases involving inmates, finding correspondence or telephone conversations to be
18 adequate under such circumstances. *See, e.g., Peck v. Cox,* NO. 2:12-cv-01495-GMN-PAL, 2014
19 WL 1304638, at * 2 (D. Nev. Mar. 28, 2014) ("Where one of the parties is a prisoner, the court
20 does not require in-person meetings and allows the prisoner and defense counsel to meet and
21 confer by telephone or by exchanging letters."). Plaintiff's thinly-veiled attempt to avoid
22 dismissal in asserting this argument while refusing to address Defendants on the issue when they
23 did attempt a personal consultation and persevering in his failure to supplement his responses to
24 Defendants' discovery is readily apparent.

25        Second, Plaintiff's argument that he did not have time to respond to the order to show
26 cause is unavailing. Plaintiff filed a lengthy response on December 30, 2013—fifteen days
27 before the court-imposed deadline. This demonstrates that Plaintiff had more than enough time to
28 prepare his response. Moreover, if Plaintiff did need additional time, he could have filed a

1  request for an extension of time to respond. He did not do so, and should be foreclosed from
2  asserting he did not have sufficient time now.

3  Third, Plaintiff argues that the posture of the court's order is improper because it
4  characterized Plaintiff's conduct as failing to respond to discovery when in fact he asserted an
5  objection. Plaintiff misconstrues the court's findings. The court acknowledged Plaintiff's
6  "consolidated objection" as his response, but found it to be inadequate and specifically ordered
7  Plaintiff to supplement his responses to the written discovery. Plaintiff plainly indicated he
8  refused to do so, and failed to comply with the court's order despite being given multiple
9  opportunities to bring himself into compliance.

10  Finally, Plaintiff references his removal from administrative segregation, but it is not
11  clear what this has to do with the issue at hand. Instead, it appears that Plaintiff is using his
12  statement to air unrelated grievances about his housing status within NDOC.

13  In conclusion, the court finds each of Plaintiff's asserted arguments unavailing, and
14  Plaintiff's action should be dismissed because Plaintiff's violation of the court's order was willful
15  and four of the five factors enunciated above weigh in favor of dismissal under Rule
16  37(b)(2)(A)(v).

## IV. RECOMMENDATION

18  **IT IS HEREBY RECOMMENDED** that the District Judge enter an order
19  **DISMISSING** this action with prejudice pursuant to Federal Rule of Civil Procedure
20  37(b)(2)(A)(v) and entering judgment in favor of Defendants and against Plaintiff.
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1         The parties should be aware of the following:

2         1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

        2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: April 28, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE