1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                              DISTRICT OF NEVADA

10                                     * * *

11   HOWARD ELLIS,                        Case No. 3:08-cv-00657-MMD-WGC

12                          Plaintiff,    ORDER ACCEPTING AND ADOPTING
                                          REPORT AND RECOMMENDATION OF
13        v.                              MAGISTRATE JUDGE WILLIAM G. COBB

14   BENEDETTI, et al.,
                           Defendants.
15

16

17   **I.    SUMMARY**

18        Before the Court is the Report and Recommendation of United States Magistrate

19   Judge William G. Cobb ("R&R") recommending this action be dismissed with prejudice

20   pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) due to Plaintiff's refusal to comply with an

21   order to serve supplemental responses to Defendants' written discovery. (Dkt. no. 319.)

22        For the reasons discussed below, the R&R is accepted and adopted in full. This

23   case is dismissed with prejudice.

24   **II.   BACKGROUND**

25        Plaintiff Howard Ellis is a pro se litigant proceeding *in forma pauperis*. He is an

26   inmate in the custody of the Nevada Department of Corrections and has been at all

27   relevant times. (*See* dkt. no. 38.) A brief summary of Plaintiff's remaining claims can be

28   found in the Court's August 27, 2013, order. (Dkt. no. 256.)

What follows is the procedural background relevant to the issues addressed in this Order.[1] On April 3, 2013, Plaintiff filed a motion titled "Motion for Inability to Execute Meaningful Discovery Plan." (Dkt. no. 215.) In that motion, Plaintiff argued that he is unable to participate in the discovery process for various reasons, including the conditions of his confinement and his inability to articulate his claims. Judge Cobb denied the motion, construing it as a motion for appointment of counsel. (Dkt. no. 224.) Defendants filed an Answer to the Amended Complaint on April 3, 2013. (Dkt. no. 218.) That same day, Judge Cobb signed and entered a scheduling order that set the close of discovery for July 2, 2013. (Dkt. no. 220.) In July 2013, Plaintiff moved for entry of default (dkt. no. 236) and default judgment (dkt. no. 245) on grounds that Defendants' Answer was untimely. On July 17, 2013, Defendants filed a Motion to Compel Plaintiff to respond to outstanding written discovery requests. (Dkt. no. 237.)

On August 9, 2013, Judge Cobb held a motion hearing. (Dkt. no. 254.) At the hearing, Judge Cobb denied Plaintiff's request for entry of default (dkt. no. 236) and motion for default judgment (dkt. no. 245). As to Defendants' Motion to Compel (dkt. no. 237), Judge Cobb granted Plaintiff additional time to supplement his discovery responses, and set deadlines for: (1) Defendants to arrange for a conference with Plaintiff; (2) Plaintiff to respond to Defendants' discovery requests; (3) Defendants to supplement their Motion to Compel; and (4) Plaintiff to respond to any such supplement. (Dkt. no. 254.) Decision on the Motion to Compel was thus deferred.

Ten (10) days after the hearing, Plaintiff filed a Petition for Writ of Prohibition. (Dkt. no. 252.) In it, Plaintiff took issue with the Motion to Compel proceedings and asked the Court to prohibit Judge Cobb from "delaying the finality of the litigation based on animus and prejudice towards Plaintiff." (*Id.* at 2.)

///

---

[1]This procedural background was similarly summarized in the Court's March 28, 2014, order (dkt. no. 315) but is repeated here for clarity as many of the issues and objections raised as to the R&R relate to this procedural history.

2

On September 25, 2013, Defendants filed a supplemental brief to their Motion to Compel, which asserted that Plaintiff did not respond to written discovery requests and that Plaintiff failed to comply with Judge Cobb's orders. (Dkt. no. 271.) Plaintiff filed a response in which he argued that "meaningful discovery is an unobtainable objective" in this case due to Plaintiff's prison conditions and interference from prison officials. (Dkt. no. 278.) Judge Cobb held a status conference on October 8, 2013, to address the Motion to Compel and, three (3) days later, entered a written order that memorialized an extended deadline for Plaintiff's responses to the written discovery and set a deadline for a status report from Defendants. (Dkt. nos. 280, 282.) The written order stated that Plaintiff's failure to comply will result in a recommendation of dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) for failing to obey an order to provide discovery. (*Id.*)

On October 17, 2013, Plaintiff filed objections to the August 9, 2013, motion hearing (dkt. no. 254), the October 8, 2013, status conference hearing (dkt. no. 280), and Judge Cobb's written order regarding Defendants' Motion to Compel (dkt. no. 282). These objections were consolidated in dkt. no. 283.

Plaintiff filed a Motion for Recusal on November 19, 2013 (dkt. no. 292), and it was denied by Judge Cobb (dkt. no. 305). Plaintiff filed an objection to Judge Cobb's order denying the Motion for Recusal. (Dkt. no. 308.)

On December 23, 2013, Judge Cobb entered an order to show cause as to why this case should not be dismissed for Plaintiff's failure to obey discovery orders. (Dkt. no. 303.) In response, Plaintiff filed an "Emergency Motion" that describes an issue with a medical grievance and also argues that compliance with discovery is not possible due to the conditions of his confinement. (Dkt. no. 306.) Judge Cobb construed the "Emergency Motion" as seeking the Court's help in securing copies of grievances from the NDOC and denied the motion. (Dkt. no. 307.) To the extent that the "Emergency Motion" was a response to the order to show cause, Judge Cobb found it was insufficient in explaining why Plaintiff has not filed a response and why this case should not be dismissed. (*Id.*) Plaintiff was again ordered to show cause as to why dismissal should not be

1  recommended. (*Id.*) Plaintiff filed an objection to Judge Cobb's order denying the

2  Emergency Motion. (Dkt. no. 309.)

3      On March 28, 2014, the Court entered an order denying Plaintiff's Petition for Writ

4  of Prohibition (dkt. no. 252) and overruling and denying Plaintiff's various objections to

5  Judge Cobb's orders (dkt. nos. 283, 308, 309).

6      On April 28, 2014, Judge Cobb entered the instant R&R recommending dismissal

7  pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Dkt. no. 319.) Plaintiff moved for an extension

8  of time to file his objections (dkt. no. 320) and Defendants did not oppose, so long as the

9  length of the extension granted is "minimal" (dkt. no. 321). In his reply, Plaintiff requested

10 an extension to July 16, 2014, and filed his objections on July 8, 2014. (Dkt. 323.) The

11 Court finds, given Plaintiff's representation that he needed additional time to review the

12 extensive record in this case (dkt. no. 320 at 3), good cause exists to grant the

13 extension. Defendants timely filed a response to Plaintiff's objections. (Dkt. no. 324.) The

14 Court now considers Plaintiff's objections to the R&R

15 **III.    LEGAL STANDARD**

16     This Court "may accept, reject, or modify, in whole or in part, the findings or

17 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

18 timely objects to a magistrate judge's report and recommendation, then the court is

19 required to "make a *de novo* determination of those portions of the [report and

20 recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

21     Fed. R. of Civ. P. 37(b)(2)(A) permits a court to impose sanctions upon a party for

22 failing to obey a discovery order. Rule 37(b)(2)(A) states, "If a party or a party's officer,

23 director, or managing agent . . . fails to obey an order to provide or permit discovery,

24 including an order under Rule 26(f), 35, or 37(a), the court where the action is pending

25 may issue further just orders." Rule 37(b)(2)(A) lists possible sanctions that may include

26 directing that designated facts be taken as established for purposes of the action,

27 prohibiting the disobedient party from supporting or opposing designated claims or

28 ///

4

defenses, or from introducing designated matters into evidence, and dismissing the action in whole or in part.

A court has the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer*, 910 F.2d at 656 (*quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## IV.   ANALYSIS

In reviewing the five factors, the R&R concluded dismissal is appropriate because: (1) Plaintiff's refusal to respond to Defendants' written discovery does not support expeditious resolution of litigation; (2) it has taken an extensive amount of time to attempt to resolve Plaintiff's refusal, taking time away from other matters on the docket; (3) Defendants are prejudiced by Plaintiff's refusal as they cannot obtain basic discovery information; (4) the public policy in favor of resolving cases on their merits does not outweigh the other factors; and (5) less drastic sanctions would not be appropriate because Plaintiff's conduct makes it impossible for this litigation to proceed and there is no indication that Plaintiff will eventually comply with the discovery order. (Dkt. no. 319 at 5-8.)

Plaintiff raises the following objections:  (1) the R&R was filed jurisdictionally out of time; (2) the R&R is based on an incomplete record; (3) Defendants failed to engage in a personal consultation with Plaintiff and failed to include a statement to that effect with their Motion to Compel as required by LR 26-7; (4) Plaintiff is unable to engage in the discovery process because it is complex; and (5) the Courts electronic filing and delivery system violates Plaintiff's constitutional rights. (Dkt. no. 323.) The Court will

1   consider each of these objections, many of which present arguments that this Court
2   addressed in its March 28, 2014, order. (Dkt. no. 315.)

3         First, Plaintiff argues that the R&R was entered at an improper time because
4   Plaintiff was in the process of seeking a rehearing of the Supreme Court of the United
5   States' denial of Plaintiff's *in forma pauperis* ("IFP") status. (Dkt. no. 323 at 3.) Plaintiff
6   initially appealed the Court's denial of his preliminary injunction motion. (Dkt. no. 258.)
7   The Ninth Circuit denied IFP status for Plaintiff because it found that Plaintiff's appeal
8   was frivolous. (Dkt. no. 286.) The Supreme Court of United States dismissed Plaintiff's
9   petition for certiorari regarding that appeal and denied Plaintiff's IFP status because it
10   found Plaintiff had repeatedly abused the court's process. (Dkt. no. 316.) Subsequently,
11   Judge Cobb entered the R&R. The Court disagrees that the timing of the R&R was
12   improper. Plaintiff's interlocutory appeal of his preliminary injunction motion did not stay
13   discovery proceedings. As the Court noted in its March 28, 2014, order, Plaintiff moved
14   for a stay and raised the issue of a stay in a status conference, but Judge Cobb
15   determined that the subject of the appeal was not related to the substance of this case
16   and that further delay in discovery was therefore not necessary. (Dkt. no. 277; dkt. no.
17   281 at 25:8-18.) Plaintiff's motion pending before the Supreme Court of the United
18   States for rehearing on the court's denial of his IFP status did not automatically stay this
19   action, nor did Plaintiff move for a stay based on that motion or even notify this Court of
20   that motion. The timing of the R&R was appropriate given that Plaintiff had been ordered
21   to show cause as to why it should not be entered (dkt. no. 303) and had an ample
22   opportunity to do so. In any case, as Plaintiff's exhibit demonstrates, the Supreme Court
23   of the United States denied Plaintiff's motion for rehearing before Plaintiff filed his
24   objections to the R&R. (Dkt. no. 323, Exh. A.)

25         Second, Plaintiff argues the R&R was based on an incomplete record because:
26   (1) Judge Cobb's minute order denying Plaintiff's Motion for Inability to Execute
27   Meaningful Discovery Plan (dkt. no. 224) did not refer to Plaintiff's reply in further support
28   of that motion (dkt. no. 222); and (2) the Court did not take judicial notice of Plaintiff's

6

1   habeas corpus proceedings as Plaintiff requested (dkt. no. 232). (Dkt. no. 323 at 4-5.)

2   Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*,

3   654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court is able to request an attorney

4   for a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). The decision to

5   make such a request is discretionary. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.

6   1998). Plaintiff's Motion for Inability to Execute Meaningful Discovery Plan (dkt. no. 215)

7   was construed by Judge Cobb as a motion for appointment of counsel and denied (dkt.

8   no. 224).[2] Plaintiff has moved for appointment of counsel before this Court numerous

9   times and been denied. (*See* dkt. nos. 22, 23, 39, 41, 95, 98, 125, 131, 161, 166, 167,

10  168, 199, 204, 228, 231.) In his orders denying these motions, Judge Cobb repeatedly

11  finds that Plaintiff has demonstrated his ability to articulate his claims and this action

12  does not involve substantial legal complexity, thus concluding that a request for counsel

13  is not warranted. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation

14  omitted). This Court reached the same conclusion in reviewing Plaintiff's objections to

15  Judge Cobb's orders denying two of Plaintiff's motions for appointment of counsel. (Dkt.

16  no. 256.) As to the habeas documents, Plaintiff filed a document titled "Judicial Notice"

17  (dkt. no. 232) that requested the Court take judicial notice of certain documents in his

18  habeas corpus proceeding apparently for consideration with his eighth motion for

19  appointment of counsel (dkt. no. 228). However, Plaintiff's request for judicial notice was

20  filed *after* Judge Cobb entered an order denying that motion (s*ee* dkt. nos. 231, 232) and

21  it was therefore not considered by Judge Cobb in making his discretionary determination

22  that a request for counsel was not warranted.

23        Relating to his arguments about an incomplete record in this case, Plaintiff also

24  argues that the R&R does not reflect that Plaintiff filed supplemental responses as

25  ordered. (Dkt. no. 323 at 5.) Plaintiff's argument about his supplemental responses is not

26  _____

27        [2]Indeed, Plaintiff's reply in further support of the Motion for Inability to Execute
     Meaningful Discovery Plan states that counsel should be appointed and that otherwise
28  Plaintiff will not proceed with the discovery process or try the case. (Dkt. no. 222.)

clear. The document to which Plaintiff points (dkt. no. 278) was a response to Defendants' supplemental brief to their Motion to Compel. Judge Cobb entered a minute order granting the Motion to Compel that explicitly referenced and considered Plaintiff's response. (Dkt. no. 280.) The R&R is not concerned with Plaintiff's response to Defendant's supplemental brief in support of their Motion to Compel, but rather concerned with Plaintiff's failure to file supplemental responses to Defendants' outstanding discovery requests *after* the Motion to Compel was granted. (Dkt. no. 319 at 6.) Plaintiff's response to Defendants' supplemental brief to their Motion to Compel (dkt. no. 278) was filed before the Motion to Compel was granted and was not in compliance with Judge Cobb's discovery order.

Third, Plaintiff argues that Defendants' Motion to Compel failed to comply with LR 26-7. (Dkt. no. 323 at 5-8.) LR 26-7(b) states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." In his minute order considering the Motion to Compel in the first instance, Judge Cobb recognized that "Defendants did not comply with LR 26-7" and ordered Defendants to arrange a conference with Plaintiff to discuss discovery. (Dkt. no. 254 at 2-3.) Judge Cobb also set a status conference and granted an extension of time for Plaintiff to respond to Defendants' discovery requests. (*Id.* at 3.) Following that order, Defendants represented that they attempted to meet and confer with Plaintiff but he stated that his Petition for Writ of Prohibition would be the extent of his response to Defendants' discovery requests. (Dkt. no. 280.) Plaintiff raised his concerns about the LR 26-7 deficiency in his Petition for Writ of Prohibition, and the Court found that a writ of prohibition was not warranted because district courts have broad discretion in "interpreting and applying their local rules," *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (1983) (citation omitted), and in managing discovery, *see, e.g., Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). (Dkt. no. 315 at 5.) As the Court noted in that order, Judge Cobb addressed the LR 26-7 deficiency by

1    deferring judgment on the Motion to Compel and ordering Defendants to confer with

2    Plaintiff about discovery. (*Id.*) Plaintiff refused to do so. While Plaintiff may

3    understandably be frustrated with Defendants' failure to comply with LR 26-7, the

4    purpose of the rule is to give the parties an opportunity to resolve any discovery matters

5    before seeking court intervention. Judge Cobb ordered Defendants to confer with

6    Plaintiff to give Plaintiff an opportunity to discuss discovery with Defendants before the

7    Motion to Compel was granted, but he decided to refuse that opportunity. Plaintiff

8    ultimately refused to confer with Defendants on discovery.

9          Fourth, Plaintiff argues that he is unable to engage in the discovery process

10   because it is too complex. (Dkt. no. 323 at 9-11.) Judge Cobb determined that the

11   discovery requests were "straightforward" and only asked Plaintiff to "provide the factual

12   bases, including witnesses and documents, that support his allegations." (Dkt. no. 282 at

13   2.) In reviewing Defendants' discovery requests (dkt. no. 237-1), the Court agrees. Even

14   setting aside the simplicity of the discovery requests themselves, however, Plaintiff has

15   made absolutely no attempt to respond to the requests or confer with Defendants,

16   choosing instead to file numerous often extensive objections and appeals.

17         Fifth and finally, Plaintiff argues that the Court's electronic filing and delivery

18   system violates his constitutional rights. (Dkt. no. 323 at 12-16.) In addition to being

19   outside the scope of this litigation, the Court fails to understand the relevance of this

20   argument. Defendants point out that they served Plaintiff with their discovery requests

21   personally. (Dkt. no. 324 at 4.) Regardless of Plaintiff's issues with the Court's electronic

22   filing system, Plaintiff has given no indication that he intends to comply with Judge

23   Cobb's discovery order without counsel, which the Court has repeatedly determined will

24   not be requested in this case.

25         Plaintiff has been given multiple opportunities to respond to Defendants' discovery

26   requests. It is apparent that Plaintiff refuses to proceed with discovery without counsel

27   and will continue to obstruct the normal course of this case. The Court agrees with the

28   R&R that dismissal is appropriate.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Order.

It is therefore ordered that Plaintiff's Motion to Extend Time (dkt. no. 320) is granted.

It is further ordered that the R&R (dkt. no. 319) is accepted and adopted in full. This case is dismissed with prejudice.

The Clerk is instructed to close this case.

DATED THIS 8th day of December 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE